Nov. Term,
1849.

THE STATE
v.
MOORE.

## THE STATE v. MOORE.

An indictment against the clerk of the Circuit Court of *Warrick* county, commenced as follows: " ss.  The grand jurors impanneled and sworn," &c., "upon their —— present."  The attorney for the state obtained leave to amend by inserting the word "oath."  The first count alleged that the money was extorted from the county of *Warrick;* the second count alleged that the money was obtained from the board of justices doing county business in said county.  *Held,* that there was no error in the amendment, and that the second count was good.  *Held,* also, that the county was a body politic, and may be the owner of money, and if money be extorted from its officers, the indictment may allege that the money was obtained from the county.

*Thursday,*
*December* 6.

ERROR to the *Warrick* Circuit Court.

BLACKFORD, J.—This was an indictment against the defendant, as clerk of the *Warrick* Circuit Court, for extortion.

The indictment was amended on motion of the prosecuting attorney; but it was afterwards quashed on the defendant's motion.

The indictment originally commenced as follows: "*Warrick* county, ss.  The grand jurors impanneled and sworn to inquire for the state of *Indiana,* and for the body of the county of *Warrick,* upon their —— present," &c.; the word *oath,* after the word *their,* being omitted.  The inserting of the omitted word was the amendment made.  The defendant objects to that amendment, but without any good reason.  The caption of the indictment gives the names of the grand jurors, and states that they were sworn; and the indictment itself, in the sentence " the grand jurors impanneled and sworn to in-

quire," &c., states the same fact. The amendment, therefore, was of no consequence, and cannot be complained of.

The indictment contains two counts. The first states that the defendant, unlawfully and by color of his office, &c., wilfully, corruptly, and extortiously, demanded and received from the county of *Warrick* the sum of 274 dollars and 82½ cents for his fees for doing the business of county auditor, &c., when, in truth, there was due to him only the sum of 200 dollars for doing the business, &c.

The only objection made to this count is, that the money is alleged to have been obtained from the county of *Warrick*. We think, however, as the county is a body politic, organized by statute, it may be the owner of money; and if money so owned be extorted, on a pretended claim against the county, from the officer having the care of the money, we see no reason why the money may not be said to have been obtained from the county.

The second count is similar to the first, except that it alleges the illegal fees to have been obtained from the board of justices of the peace of *Warrick* county, who were acting as a board of county commissioners. There are two statutes, passed in 1843, relative to this subject. The first provides, that the county business in each county shall be done by a board of commissioners. R. S. 1843, p. 181. The second statute, which takes precedence of the other, changes the mode of doing county business in *Warrick* county, and provides that such business shall be done in that county by the justices of the peace, a majority of whom shall be a quorum. Acts of 1843, p. 62. That being the case, it seems clear, that any illegal fees, obtained by the defendant for doing the business of county auditor as described in the indictment, under color of his office, may be alleged, if such be the fact, to have been extorted from the board of justices of *Warrick* county, acting as a board of county commissioners.

The indictment, therefore, ought not to have been quashed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.   Costs here.

*A. A. Hammond* and *J. L. Ketcham*, for the state.

*C. Baker*, for the defendant.