## The People ex rel. Hobert v. Supervisor and Town-Clerk of Blackman.

*Bounties under the act relating to Jackson County.* The act to legalize the action of certain townships in the County of Jackson, in paying bounties, &c., and to refund money to pay the same, (*L.* 1865, 477), does not extend to advances made by individuals on their own account, and not on the credit of the townships; and any vote to refund such advances must be held unauthorized and void.— *Miller v. Grandy,* 13 *Mich.* 540.

*Township Board. Jurisdiction in allowance of claims.* The vote to refund being unauthorized, the township board had no jurisdiction to act. Their authority is special and limited, and when they assume to consider claims beyond their authority, they exceed their powers.

Neither the statute of 1865, nor the township vote, could refer such a class of claims to their judgment; and where unauthorized claims were allowed, the board was right in refusing to proceed further, when apprised of their error.

*Heard July 11th.   Decided July 11th.*

Motion for mandamus to the Supervisor and Town-Clerk of Blackman, Jackson County, to issue orders for the payment of certain audited claims.

The petition of the relator showed that the electors of the township of Blackman in April 1865, at the annual township meeting, voted, by a majority, to refund bounties under the special act for Jackson County.—*Sess. L.* 1865, 477. And further, that no money had been raised in the township, previously, which it was generally understood that the town would pay, except the one hundred dollars per man which the law then authorized, and for which bonds were issued. It was not claimed that the township had pledged its credit.

Certain individuals had advanced moneys by private subscription among themselves to raise bounties; and claims to refund such advances were allowed by the township board previous to the decision of *Miller v. Grandy* (13 *Mich.* 540). Upon the decision of that case the authorities refused to proceed further to pay these claims.

*A. Blair,* for respondent.

1. The vote of the electors was a nullity, the case never having arisen in which they were authorized by law to pass such a vote.

It was not for a public purpose. The test is not that the act will benefit the public, but whether it is a thing which the *public* is seeking to do.—13 *Mich.* 540; 8 *Allen*, 80; 12 *Cush.* 105 *and* 106.

2. The vote of the electors being void, and the claims being of a class which the Town Board had no authority by law to allow, their action was without jurisdiction.

The Town Board being a special and limited jurisdiction, not proceeding according to the course of the Common Law, its jurisdiction must affirmatively appear upon the record.—1 *Comp. L.* 239 *and* 244; 5 *Mich.* 416 *and cases cited.*

Though the Board acts judicially, it can only do so within the authority conferred upon it by statute. It must confine itself to the class of claims it is authorized to allow, and has no jurisdiction to go beyond that. Neither can it acquire jurisdiction by entering upon the inquiry.—4 *Hill,* 88; 3 *Seld.* 521; 23 *N. Y.* 285; 3 *Denio*, 118; 5 *Barb.* 607.

3. The Board having allowed a large amount of illegal claims through a mistake of the law ought not to direct orders to pay those claims.

Claims can be paid only by virtue of the order of the Board.—1 *Comp. L.* § 564.

*Livermore & Wood,* for relator.

1. The Board allowed the claims. They acted judicially, and if *erroneous*, the remedy must be in this Court.—2 *Sanf.* 472; 17 *Wend.* 120; 15 *Conn.* 447.

2. The Board having allowed the claims and entered up judgment therefor, the supervisor and town-clerk cannot refuse to issue the order for payment. Their action is final.— 8 *Mich.* 378.

COOLEY J.

The majority of this Court held in *Miller v. Grandy*, 13 *Mich.* 540, that the act in question did not authorize the: townships of Jackson County to refund the advances made

by individuals on their own account, and not on the credit of the townships, or in reliance upon their subsequent ratification by township authority. That question is therefore no longer open; and any vote to refund such individual advances must be held unauthorized and void. The relator has very fully shown by his application that the claims which the township of Blackman voted to allow, were advances of this description.

If the vote to refund was unauthorized, the township board had no jurisdiction to act upon the allowance of claims under it. Their authority is special and limited; and the moment they assumed to act upon a class of claims which they had no authority to allow, they were acting beyond their powers. Neither the statute in question nor the township vote could refer this class of claims to their judgment; and if they have unadvisedly made unauthorized allowances, they are right in refusing to proceed further when apprised of their error.

The mandamus must be denied, with costs, against the relator.

*Mandamus denied.*

The other Justices concurred.