Waller v. Wood.

No. 11,729.

## WALLER v. WOOD.

BOARD OF HEALTH.—*County Commissioners.*—*Secretary.*—Under the statute, R. S. 1881, section 4993, the county commissioners constitute the board of health of the county, and a physician who is selected by the county board of health as its secretary is entitled to such compensation from the county treasury as such board may determine.

SAME.—*Compensation, How Paid.*—When the secretary's compensation is determined by the board of health, it is the duty of the county commissioners as such to cause it to be paid out of the county treasury by the auditor's warrant for the amount on the treasurer.

SAME.— *Presumption.*— *Supreme Court.*—Where the county commissioners made an allowance to the secretary of a board of health, the Supreme Court will presume, in favor of the ruling of the circuit court dismissing an appeal therefrom, that the board of health had determined the amount of his compensation, and that the allowance was made by the county commissioners in payment of the same.

SAME.—*Query,* Whether the allowance by the county commissioners to the secretary of the county board of health is not of itself a determination of the amount of such compensation within the meaning of the statute.

SAME.—*Appeal.*—*Discretion of Board of Health.*—No appeal lies from an order of a county board of health fixing the compensation of its secretary, the statute creating boards of health investing them with discretionary power in that regard, and making no provision for appeal.

From the Steuben Circuit Court.

*S. A. Powers* and *G. B. Adams,* for appellant.

*J. A. Woodhull* and —— *Brown,* for appellee.

BEST, C.—The appellee filed the following verified claim against the county :

"STEUBEN COUNTY, INDIANA,
  "*To H. D. Wood, Dr.*:

"As health officer Steuben county, for the year 1883, $250."

This claim was allowed by the board of commissioners, and from such order the appellant, who was a taxpayer of the county, and who felt aggrieved by the decision, appealed to the circuit court. The appeal, upon motion, was there dismissed, and here such ruling is assigned as error.

It is obvious that this claim was for services rendered as

"health officer" of said county, under and by virtue of section 4993, R. S. 1881.   This section is in these words:

"The trustees of each town, the mayor and common council of each incorporated city (except where a regular constituted board of health, by ordinance of such city, now exists or may hereafter be created), and the board of county commissioners of each county shall constitute a board of health, *ex officio,* for each of the several towns, cities, and counties respectively of the State, who shall perform such duties respectively required of them by this act without compensation.   They shall annually, in the month of January, complete their organization by the election of a secretary, who shall be a physician.   The secretary of such local boards of health, and the secretary of· any regular constituted board of health of any incorporated city, shall be the health officer of every town, city, or county, respectively, for the purposes provided in this act, and shall be allowed such compensation from the town, city, or county treasury, respectively, as the board electing them may determine: *Provided,* That the secretary of each county board of health shall render such medical and surgical services as may be required by persons confined in the county jail of such county, and such other medical services as may be required of him by the board of county commissioners."

By virtue of this section, a physician, who is selected by the county board of health as its secretary, is entitled to such compensation from the county treasury as such board may determine.   This the appellant concedes, but insists that the authority to make such officer an allowance for such compensation is conferred upon the board of health, and not upon the board of commissioners, and as the allowance in this case was, therefore, unauthorized, any person interested and aggrieved might appeal therefrom under the general statute authorizing appeals from the board of commissioners.   This position can not be maintained.   The statute above recited does not confer any authority upon the board of health to

make such allowance. It simply authorizes such board to determine the amount of compensation, and when determined the duty rests upon the board of commissioners to cause it to be paid out of the county treasury. This is done by an allowance upon which the auditor draws his warrant upon the treasurer. This is the usual mode, and the statute does not change it. If, then, the amount of the appellee's compensation as such officer was determined by the board of health, and the allowance was made for the sum thus fixed, the board of commissioners did have authority to make the allowance. The contrary does not appear, and as this court will indulge every reasonable presumption in favor of the ruling of the circuit court, it will indulge the presumption that the board of health had determined the amount of such compensation, and that the allowance was made by the board of commissioners in payment of the same. *Kissell* v. *Anderson*, 73 Ind. 485; *Coulter* v. *Coulter*, 81 Ind. 542; *Peck* v. *Board, etc.*, 87 Ind. 221.

This much has been said upon the assumption that the county commissioners must determine the amount of such compensation while acting strictly as the board of health. This, however, is probably not required. The commissioners constitute the county board of health, and it would seem that an allowance by them to the secretary of such board was of itself a determination of the amount of such compensation within the meaning of the statute, and that such determination need not precede the allowance nor be made by them while formally acting as the county board of health. A substantial compliance is all that is required.

The statute creating boards of health makes no provision for an appeal, and we think, by implication, denies an appeal from an order awarding the "health officer" compensation for his services. The amount of compensation is a mere matter of discretion with the board of health, and from a decision made in matters of discretion no appeal lies. *Sims* v.

*Board, etc.*, 39 Ind. 40; *Moffitt* v. *State, ex rel.*, 40 Ind. 217; *Grusenmeyer* v. *City of Logansport*, 76 Ind. 549.

An appeal can not be taken without depriving the board of health of the right to determine the amount of compensation to which its secretary is entitled, and, therefore, the statute, by investing the board with such right, impliedly denies an appeal. The appeal in this case was, therefore, properly dismissed. This conclusion is in entire harmony with the doctrine, that an appeal lies in all cases where it is not expressly or impliedly withheld, as was decided in *Grusenmeyer* v. *City of Logansport, supra*, and the cases following it.

This conclusion renders it unnecessary to notice the assignment that the claim filed does not state facts sufficient to constitute a cause of action.

The order of the court in dismissing the appeal should, therefore, be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed April 2, 1885.