No. 14,963.

## BEAVER ET AL. *v.* THE STATE, EX REL. HEASTON, AUDITOR.

COUNTY TREASURER. — *Fictitious Items of Account.* — *Liability for Money Actually Received from Predecessor.*—The amount with which a county treasurer was charged was made up of fictitious items instead of the true item—money received from his predecessor on account of a certain gravel road fund.

*Held*, that the treasurer must account for the money actually received notwithstanding such error in making up the items of the charge.

From the Grant Circuit Court.

*J. C. Branyan, M. L. Spencer, L. P. Milligan, O. W. Whitelock, B. M. Cobb, C. W. Watkins, W. H. Charles, T. L. Childs, G. W. Harvey, L. D. Baldwin* and *H. J. Paulus,* for appellants.

*E. C. Vaughn, J. B. Kenner* and *J. I. Dille,* for appellee.

ELLIOTT, J.—The complaint is founded on a bond executed by Henry Beaver and his sureties to secure the performance by Beaver of the duties of treasurer of Huntington county. The dispute is as to an item of twelve thousand dollars which the relator claims is due from Beaver, and for which it is alleged he has failed to account. The special finding of facts made by the trial court is quite full, but it is unnecessary to state the facts at much length, since it is conceded that Beaver did receive twelve thousand dollars from his predecessor in office, Daniel Christian, and that he is chargeable with that amount. As we understand counsel for the appellants, their contention is that he has accounted for the amount received from Christian, but that he has been wrongfully twice charged with the amount, thus making it appear that he owes twelve thousand dollars, whereas he, in fact, is not in debt to the county in any amount. It is true that the record shows that Beaver was charged with twelve thousand dollars in an erroneous mode, in this, that the

amount was made up of fictitious items instead of the correct one, namely, the amount received from Christian. But, while it is true that the items of the charge were not the true ones, inasmuch as the true item was the twelve thousand dollars received by Christian on account of what was called the Stutt's Gravel Road Fund, and by him paid to Beaver, and not the fictitious items stated; still, it is also true that Beaver did receive twelve thousand dollars on account of the Stutt's Gravel Road from Christian. For this sum he has not accounted, and he remains liable for it.

The fact that the charge was not made, as it should have been, for the money received from Christian, does not exonerate Beaver. As he did, in fact, obtain the sum of twelve thousand dollars belonging to the public funds, he must account for it, notwithstanding the error in making up the items of the charge. If the fictitious items be eliminated the ultimate result is unaffected, for the real item must be charged against Beaver, so that the amount of the charge against him is, in the end, unchanged.

There is evidence sustaining the finding of the trial court that Beaver was properly charged with the sum of twelve thousand dollars, the final result, therefore, is right, and as this is true a reversal would not be authorized even if there were intervening errors. But we think the facts stated in the special finding sustain the conclusions of law. The court explicitly states that Beaver made no charge against himself of the sum he received from Christian, so that, although he may have been charged with fictitious items instead of the true one, still, the conclusion that he must account for what he actually received is correct. Nor can it be justly claimed that there is anything in the special finding that warrants the inference that Beaver was charged more than once with the same amount, for it is found that he was not charged with the amount he did actually receive from Christian.

The case has been twice tried, and in each trial the result was adverse to the appellants, and we can not say that it ap-

pears that the conclusion is wrong.   It is incumbent upon the appellants in such a case as this to make it clearly appear that the judgment of the trial court was erroneous, and this these appellants have not done ; on the contrary, it seems to us that the finding is right on the evidence.

Judgment affirmed.

Filed April 11, 1890; petition for a rehearing overruled June 17, 1890.