# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1889, IN THE SEVENTY-
FOURTH YEAR OF THE STATE.

---

### No. 14,181.

### BUNNELL v. THE BOARD OF COMMISSIONERS OF WHITE COUNTY ET AL.

TOWNSHIP TRUSTEE.—*Settlement.—Appeal from County Commissioners.*—A taxpayer who alleges that he is aggrieved by the action of the board of county commissioners in approving a report and settlement made by the sureties on the bond of a township trustee, can not appeal to the circuit court by filing an affidavit and appeal bond. In making settlements with township trustees, and in the examination and confirmation of their reports, county commissioners act, not judicially, but in a ministerial capacity, and the general right of appeal authorized by statute is applicable only to decisions of a judicial character.

From the White Circuit Court.

*T. F. Palmer* and *A. K. Sills,* for appellant.

*E. B. Sellers,* for appellees.

MITCHELL, C. J.—The question involved in this appeal is whether or not a taxpayer who alleges that he is aggrieved by the action of the board of county commissioners in ap-

proving a report and settlement made by the sureties on the bond of a township trustee can appeal to the circuit court by filing an affidavit and appeal bond. It is abundantly clear that the question must be answered in the negative.

The statute requires township trustees to make reports and file accounts and vouchers, showing the amount of receipts and expenditures, and to file itemized statements of their charges for services, and to make annual settlements with the boards of commissioners of their respective counties. Sections 5997, 5998, 6001, R. S. 1881.

In making settlements with township trustees, and in the examination and confirmation of their reports, county commissioners do not act judicially. The Legislature has committed to county boards certain supervisory power over the official conduct of township trustees, in regard to levying taxes, incurring debts, and the inspection of their accounts and the like. In exercising these duties the board acts in a purely administrative or ministerial capacity, and when so acting its determination is not conclusive, nor does it affect individual rights, and hence no right of appeal exists, unless it is especially conferred by statute. *Hunt* v. *State, ex rel.,* 93 Ind. 311.

The general right of appeal authorized by statute and given to any person or corporation feeling aggrieved by any decision of the board of commissioners, means any decision of a judicial character, and is not applicable to decisions made by the board in matters pertaining to its administrative or ministerial duties, nor to those which are merely within the discretion of the board. *Waller* v. *Wood,* 101 Ind. 138; *Platter* v. *Board, etc.,* 103 Ind. 360 (374); *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549; *Board, etc.,* v. *State, ex rel.,* 106 Ind. 270.

By the express terms of the statute (section 5811, R. S. 1881), no one is concluded by settlements thus made, unless, in the absence of mistake, it be the township trustee or his sureties, and we can not well perceive what the circuit court

could have tried upon appeal if one had been allowed. *Mc-Kee* v. *Gould,* 108 Ind. 107; *Wilkinson* v. *Lemasters,* 122 Ind. 82.

The judgment is affirmed, with costs.

Filed May 16, 1890.