No. 14,310.

LEE v. THE BOARD OF COMMISSIONERS OF HUNTINGTON COUNTY.

COUNTY COMMISSIONERS. — *Auditor.* — *Accounts of.* — *Change in Method of Keeping.*—*Fees can not be Increased.*—County commissioners have no power to add new duties to a public office, and to provide extra compensation therefor, by contract with the officer; and, hence, a county auditor who, under an order of the board, adopts a different method for keeping an account of the various funds, and of making semi-annual settlements, from that prescribed by the Legislature, can not recover compensation for the extra work done.

From the Huntington Circuit Court.

*B. M. Cobb* and *C. W. Watkins*, for appellant.

*J. B. Kenner* and *J. I. Dille*, for appellee.

MITCHELL, J.—The appellant, while auditor of Huntington county, made it appear to the satisfaction of the board of commissioners that it was impracticable for him to make accurate semi-annual settlements with the county treasurer, and a just and equitable distribution of the different funds by the footings of the regular tax duplicate.

The county board thereupon found that there existed an indispensable public necessity, and employed the appellant, as county auditor, to " register, foot and balance all receipts by instalments in a book to be provided for that purpose at the expense of the county, and in consideration of said work being done, it is ordered by the board of commissioners of Huntington county, that the county auditor shall receive the sum of ten (10) cents for each and every entry made on the register of State and county taxes, and five (5) cents for each and every entry made on said register of all gravel road taxes."

The appellant avers that, relying upon the foregoing order, he made the entries, footings, etc., in a book " that was outside of and in addition to all the books required by law, or

Lee *v.* The Board of Commissioners of Huntington County.

usually kept by the auditor," and he asked to receive payment out of the county treasury of the following account:

" HUNTINGTON COUNTY, INDIANA.
"*To* EZRA T. LEE, *Dr.*

" To registering, footing and balancing taxes—

| | | |
|---|---|---|
| For May settlement, 1886 . . . . . . . | $611 | 20 |
| For Nov. settlement, 1886 . . . . . . . | 413 | 40 |
| For May settlement, 1887 . . . . . . . | 554 | 75 |
| For Nov. settlement, 1887 . . . . . . . | 172 | 80 |

" Total amount up to date . . . . . $1,752 15"

Whether the judgment shall be affirmed or reversed depends upon the propriety of the ruling of the court in sustaining a demurrer to the complaint.

The practical question in this, and all other cases of this class, is, was the work for which the public officer asks compensation out of the public treasury, such as is embraced in the general duties of his office, and for which the law provides compensation? If it was, manifestly the commissioners had no power to add to the compensation prescribed by the statute; if it was not, then it is pertinent to inquire whether the county commissioners have power to supplement the provisions made by the Legislature, by adding new duties to a public office, and fixing compensation for the added duties by contract with the officer.

Until it can be shown that county boards are invested with power to supply what may be regarded as defects or deficiencies in the law, by enlarging the duties of county officers, and providing compensation for what may be deemed to be extraordinary services, claims of the character of that in question can receive no countenance from the courts.

In view of the uniform decisions of this court, from its earliest organization until now, and of the prohibitory legislation concerning allowances, which looks in the face of county boards at every turn, it is a matter of surprise that it

should be supposed that an inferior tribunal, possessed of limited jurisdiction, such as is committed to boards of commissioners, was the repository of such general and extraordinary power.

A method of keeping an account of the various funds by county auditors, and of making semi-annual settlements, has been prescribed by the Legislature, and the compensation allowed by law, is, to say the least, not niggardly. Intelligent, conscientious officers ought not to find it difficult to adapt the method prescribed, so as to enable them to keep accurate, intelligent accounts of the various funds, and make correct settlements, as the law requires. If the system prescribed is not the best and most convenient, county boards can well afford to leave the responsibility with the Legislature, until they are specially authorized to correct its supposed defects, rather than attempt the exercise of unauthorized power at an enormous expense to the public.

The doctrine of estoppel is not applicable to a case like the present. The contract was wholly unauthorized and void, and the county received nothing of value under it.

This subject has been so fully and recently considered in *Board, etc.*, v. *Barnes*, 123 Ind. 403, that it is quite enough to say within the principles which controlled that decision the judgment in the present case must be affirmed, with costs.

Filed June 4, 1890.