Board of Commissioners of Huntington Co. *v.* Heaston.

The superior court, therefore, did not err in overruling appellants' motion for a new trial.

Judgment affirmed.

Filed April 17, 1896.

---

No. 17,199.

BOARD OF COMMISSIONERS OF HUNTINGTON CO. *v.*
HEASTON.

CONTRACT.—*Implied Assumpsit.—Money Paid County Auditor on Unlawful Claims.*—An action will lie in favor of a county against a county auditor to recover money ordered paid to and received by him upon an unlawful claim.

COUNTY COMMISSIONERS.—*Allowing Unlawful Claim.—County Not Liable.*—The board of county commissioners cannot bind the county by allowing and ordering to be paid an unlawful claim.

SAME.—*Allowance an Administrative Act.—Res Adjudicata.*—The allowance of a claim against a county by the board of county commissioners, is an act by it in its administrative capacity, and is not conclusive as a judicial determination, under section 7830, R. S. 1894, making it a duty of such board to "allow all amounts chargeable" against the county.

EVIDENCE.—*Burden of Proof.—County.—Recovery of Illegal Claim Ordered Paid.*—The burden is on the county, in an action to recover a claim ordered paid by the board of county commissioners, to show that the claim was not a legal charge against the county.

PAYMENT.—*County.—Illegal Claim.*—Payment, under an allowance of claims made by the board of county commissioners in defiance of a positive statute, is not a payment by the county, within the rule that a payment under mistake of law cannot be recovered.

MAXIM.—*Judge.*—No one can be a judge in his own case.

| | |
|---|---|
| 144 | 583 |
| 142 | 682 |
| 147 | 494 |
| 144 | 583 |
| 148 | 471 |
| 150 | 622 |
| 152 | 505 |
| 144 | 583 |
| 154 | 546 |
| 155 | 159 |
| 156 | 457 |
| 144 | 583 |
| 157 | 453 |
| 157 | 454 |
| 144 | 583 |
| 158 | 156 |
| 158 | 534 |
| 158 | 537 |
| 144 | 583 |
| 159 | 510 |
| 159 | 582 |
| 144 | 583 |
| 161 | 562 |
| 144 | 583 |
| 163 | 234 |
| 163 | 416 |
| 144 | 583 |
| 165 | 104 |
| 165 | 107 |
| 144 | 583 |
| 167 | 12 |
| 168 | 537 |
| 144 | 583 |
| 169 | 171 |

From the Huntington Circuit Court.

*L. T. Milligan, O. W. Whitelock, S. E. Cook, B. K. Elliott* and *W. F. Elliott,* for appellant.

*Spencer & Branyan, Kenner & Lesh* and *A. C. Harris,* for appellee.

JORDAN, J.—This was an action against the appellee, by the appellant, the board of commissioners of Huntington county, to recover of the former the sum of $7,221.90, alleged to have been allowed him as auditor of said county by its commissioners in violation of the statutes. Upon a trial had there was a judgment rendered in effect that the appellant take nothing by the action, and that appellee recover his cost, and to reverse this judgment appellant prosecutes this appeal. The complaint alleges substantially the following facts:

That the appellee, Heaston, was elected and served as auditor of Huntington county, from the 1st day of November, 1887, to November 1, 1891; that he was paid and received for said term as such officer all salary and compensation allowed by law; that during his term, notwithstanding the fact that he had been paid and received from the county all of his salary and compensation allowed him by law, he, under the color of said office, illegally taxed up fees, and in violation of law demanded, extorted, and received payment of the same, in his official capacity, from the county; the said fees not being allowable under the statutes of the State. Here follows an itemized list of fees so taxed and received by appellee from the county, amounting in the aggregate to $7,221.90, for which judgment is demanded. This schedule filed as an exhibit, and made a part of the complaint, shows among other things certain sums of money received by the appellee from the county arising out of fees taxed and charged by him in highway cases, gravel-road matters, and ditch proceedings before the board of commissioners, and for filing papers in his office, etc. A demurrer being overruled to the complaint, appellee then filed an answer in two paragraphs, the first of which was a denial. By the second paragraph, he ad-

mitted that he had received the sums of money as charged in the complaint, but averred the facts that he presented the claims in an itemized and verified account, as due and owing to him by the county, to its board of commissioners while in legal session for the transaction of business, and that the said board allowed the same against the county, and by an order of record directed that the money be paid out of the county treasury, and that it was so paid to him upon a warrant drawn upon the treasurer thereof.

He further alleges therein that the claims were allowed and the money paid to him in good faith, and that the orders of the board allowing the same were not appealed from, and are in full force and effect, and that the sums of money so allowed and paid to him are the identical ones and upon the same accounts described in the complaint, and for which a recovery is sought, and that said orders, or judgments, so made and entered by the board of commissioners were a full, final, and complete adjudication of all the matters alleged in the complaint between the same identical parties herein, and that plaintiff is thereby estopped from recovering anything in this action.

A demurrer to this paragraph for insufficiency of facts was overruled and excepted to, and the plaintiff was ruled to reply.

The action of the court in overruling the demurrer to this paragraph of the answer is the first error assigned and presented by the appellant, and is virtually treated as the chief question for the consideration of this court.

The contentions of the learned attorneys for appellant are, in the main, that these allowances were made by the county commissioners in defiance of law ; that the latter were guilty of a crime in so doing; that appellee received the county's money and converted

the same to his own use without authority of law, and that the county is not bound by this unauthorized or forbidden act, nor precluded from recovering the money back from the appellee, and among their citations they refer to section 2105, R. S. 1894 (section 2018, R. S. 1881), and sections 6543, 6544, 6548, 6549, R. S. 1894. The latter being sections 2, 3, 7 and 8 of an act in force June 5, 1883. Acts of 1883, page 48. Also section 7853, R. S. 1894 (section 5766, R. S. 1881). They further insist that conceding that the commissioners allowed the claims to appellee, as he alleges, however, in doing so they acted in their administrative or ministerial capacity, and not as a court, and that the principle of res adjudicata does not apply, and the county is not estopped to inquire into the illegality of these allowances.

They further contend that conceding that they acted in the matter as a court, the claims allowed were forbidden by law; and hence there was an absence of jurisdiction. While upon the side of appellee, his learned counsel contend that in allowing these claims in the manner and form as shown by this paragraph of the answer, the board of commissioners of Huntington county acted as a court, and in passing upon and allowing these claims in favor of appellee, it exercised its judicial powers, and that it had jurisdiction in the premises, and that its judgments rendered under the alleged facts are valid and a complete bar and estoppel against the county. They also insist that the board having the power to judicially act and decide in the matter, its judgments, right or wrong, are binding upon the county, and cannot be collaterally called in question.

The contentions and argument of appellee's counsel from their standpoint are to some extent supported by authorities cited, among which are de-

cisions of this court. The manifest theory of the cause of defense, as outlined by the facts alleged in this answer, is that of *res judicata*. It is a confession of appellant's cause of action, but seeks to avoid it upon the ground that the claims mentioned in the complaint have been adjudicated between the parties in the commissioners' court, and that appellant is thereby estopped from contradicting in this action the verity and binding force of the alleged judgment rendered.

The trial court, in overruling the demurrer to this answer, in effect, adjudged that the facts therein averred were sufficient to constitute this defense. Boards of commissioners, under the law, in the discharge of their duties have, at least, a dual character. In some respects they act judicially, and the law regards them as a court, and from their decision an appeal lies in this State under section 5772, R. S. 1881 (section 7859, R. S. 1894), by a party aggrieved, to a higher court. In other respects they act in an administrative capacity, as the representative of the county. See section 197, Elliott Gen. Prac., and cases there cited. When they rightfully exercise their powers as a court, it is settled by the authorities that they are to be treated as such, and their judgments rendered, or orders made, cannot be collaterally impeached, and the principles of former adjudication are applicable thereto. But if, upon the contrary, the commissioners of Huntington county did not, under the law in allowing the claims of appellee, act as a court, but were simply in the discharge of administrative duties, and that the orders so made can be said to be but *quasi-judicial*, then, we think, it must follow, as a legal consequence, that the appellee cannot, by virtue of his defense alleged, shield himself from liability as against appellant's right to recover the money which he, as it

is averred, has extorted and received in defiance of law. The next inquiry is: In what character did the commissioners act, and what functions were they discharging when they allowed the claims or demands of appellee, in controversy?

By section 7815, R. S. 1894 (section 5731, R. S. 1881), the board of commissioners seems to be created in the first place for "transacting county business." However, it is well settled that these boards have such other powers and duties, judicial and otherwise, as may be lodged in them by the legislature. Section 7830, R. S. 1894 (section 5745, R. S. 1881), prescribes their duties, among which are:

"2d. To allow all accounts chargeable against such county.

"4th. To perform all other duties that may be enjoined on them by any law of this State."

It is true, as we have said, that under this last provision in the discharge of duties enjoined upon them by statute, the commissioners, in many cases not necessary here to mention, act as a court, and their decisions are regarded as judgments, from which an appeal will lie under section 5772, *supra*, which grants appeals generally to the circuit court.

It is likewise true that when administrative duties are enjoined upon these boards by law, from their action thereon, no appeal can be taken unless especially authorized by statute. *Board, etc.*, v. *Davis*, 136 Ind. 503 (22 L. R. A. 515).

The statute relative to the collection or allowance of claims against a county, has, in latter years, undergone some changes, and such a construction has been placed upon this procedure by the courts of the State that indicate a holding to the effect that, at least as the law now stands, the commissioners, in hearing the claims of a creditor of the county, do not act in their

judicial capacity. By an act of 1879 provisions were made for the filing and allowance of claims.

The first section of that act, which is section 7845, R. S. 1894 (section 5758, R. S. 1881), provides:

"That any person or corporation having a 'legal claim' against any county, shall file it with the auditor to be presented by him to the board."

Section 2 (section 7846, R. S. 1894, section 5759, R. S. 1881) requires the commissioners to examine into the merits of all claims so presented, and they may, in their discretion, allow the same in whole or in part.

Section 3 provides for an appeal to the circuit court, and section 4 provided that no court should have original jurisdiction of any claim against a county, except in the manner provided in the act. By an act of 1885 (Acts 1885, page 80), section 3 of the act of 1879 was amended and now exists as section 7856, R. S. 1894.

In the case of *Bass, etc., Works* v. *Board, etc.*, 115 Ind. 234, this legislation was reviewed, and it was there held, in effect, by this court, that under the law as it stood subsequent to the amendment of 1885, the presentation of the claim to the commissioners, in the first instance, was but a condition precedent to the claimant's right to institute a suit upon it in the circuit or superior court.

Mitchell, J., speaking for the court in that case, on page 239 of the opinion, said:

"After a good deal of hesitation we are constrained to the conclusion, that the purpose of the act as it now stands was to require claims against counties to be first presented to the respective boards of commissioners before bringing suit. This is to the end that a county shall not be involved in litigation which might be avoided by affording it the opportunity to dis-

charge its legal obligations without the expense of a suit."

In the case of *Board, etc.*, v. *Stock*, 11 Ind. App. 167, the question as to the requirements of the law in regard to collecting claims against a county, was considered by the Appellate Court of this State. It was there said by that court:

"The presentation of the claim before the board is a condition precedent to the right to maintain a suit upon the claim. * * * The filing of the claim with the board is in the nature of a demand upon such board to pay such claim."

In *Board, etc.*, v. *Nichols*, 12 Ind. App. 315, the matter was again considered by this latter court. In the case last cited there was an attempt to plead a former adjudication of the claim before the board of commissioners. In considering this point the court said: "The object of the present statutes in requiring a claim against a county to be first filed and presented to the board of commissioners for allowance before bringing suit thereon is to give it an opportunity to discharge its legal obligations without the expense of a lawsuit. *Bass, etc., Works* v. *Board, etc.*, 115 Ind. 234 The board, in hearing such claim, acts merely in the capacity of an auditing committee. Its action is ministerial and not judicial. Any order made by it in allowing or refusing to allow the claim does not rise to the dignity of a judicial determination or judgment."

We cannot agree with appellee that, under the statutes as they existed when the allowance in question was made, presenting his claims to the commissioners was, in effect, the institution of a suit by appellee against the county for the recovery of the money demanded, and that the order made allowing the same is a judgment of a court, which, under the

rule of former recovery, cannot be collaterally assailed. If it was a suit against the county for the recovery of money in the sense urged by counsel, then the claimant was the plaintiff and the county the defendant, and the commissioners were in the discharge of a double duty: acting as a court, and also as the representative of the defendant, or otherwise the county could not be said to be in court. Such a construction as contended for apparently leads to an absurdity. It would follow that the court and the party defendant were virtually the same. It is an axiom of the law that no man can be a judge in his own case.

We have seen that by section 7830, *supra,* the board is the agency of the county for the transaction of its business. A portion of this business is the auditing and allowing of "legal claims."

We are of the opinion, and are constrained to hold, that when the board examined into and allowed the claims presented to them by appellee, it stood in the eye of the law as the representative of its county, and thereby acted in its administrative capacity, and not in the character of a court; that while its order so made might be termed *quasi-judicial,* yet it did not attain to the rank of a judicial determination or judgment so as to bring it under the protection of the rule of *res judicata.* The fact that the statute pertaining to the auditing of claims grants an appeal to the circuit court at the option of the claimant, lends no force to the contention that the board acts as a court in allowing the same.

The right of appeal from the action of boards in their administrative character is frequently conferred by statute. The appeal in such cases is not permitted because the action of the board is considered judicial, but it is granted as a method of getting the matter involved before a court that it may be determined

judicially. It may be said, however, that in view of the fact that at the time of the enactment of the statute in regard to filing claims, there existed a general right of appeal from all judicial decisions of the board under the section to which we have referred, but notwithstanding this fact the legislature did especially authorize an appeal from an order disallowing a claim in whole or in part, that fact might perhaps be accepted at least as evidence tending to show a legislative recognition that the act of the board in the matter of allowing claims was not judicial, and that therefore an appeal would not lie therefrom under the section authorizing appeals in general. This latter statute applies to decisions of the board which are of a judicial character, and is not applicable to those made in matters pertaining to its administrative or ministerial duties, and we must presume that the legislature recognized that fact. *Bunnell* v. *Board,* etc., 124 Ind. 1. It is held by the following decisions that the allowance of a claim by a board of commissioners is not conclusive, but only *prima facie* evidence of its correctness, and in effect not *res adjudicata.* *Commissioners* v. *Keller*, 6 Kan. 510; *Board of Superv.* v. *Catlett's Exs.*, 86 Va. 158; *Albernathy* v. *Phifer*, 84 N. C. 711.

As bearing upon the question see also *Hunt* v. *State, ex rel.*, 93 Ind. 311; *Wolfe* v. *State, ex rel*, 90 Ind. 16; *Bunnell* v. *Board*, etc., *supra*, and *State, ex rel.*, v. *Board*, etc., 136 Ind. 207. Again, if we consider the question from another standpoint, we must reach the conclusion that the county is not estopped or precluded from calling in question the order of the board allowing the claims, for the reason that there is an absence of mutuality. One of the essential elements of an estoppel by judgment is that

both litigants must be alike concluded by the judgment, or it cannot be set up as conclusive upon either. Freeman on Judgments, section 159. *Hunt* v. *State, ex rel., supra,* page 322 of the opinion.

Under the act of 1885, had the claim of appellee been disallowed in whole or in part, he had the option to either appeal; or institute an independent action against the county in the circuit court. In that event the decision of the board disallowing his claim could not have been pleaded against him as *res judicata* in his action in that court. If the order did not bind the appellee, then it can be said that mutuality was wanting, and under the rule just stated it could not bind the county. In any view, we think, it must be held that appellee cannot successfully interpose the defense set up in his answer to the alleged cause of action, and the court erred in overruling the demurrer thereto. Acting then as the representative or agency of the county, in allowing the claim in controversy, did the board bind the former by their action in awarding the appellee the money thereon, as charged, without warrant of law, and in defiance thereof? In their administrative capacity the commissioners exercise their powers as public or special agents and cannot exceed the authority conferred upon them by law, the latter is the letter of their agency. Within legal limits, or scope of their authority, their action in auditing, determining, and allowing the amount due to a creditor of the county, in the absence of fraud, or perhaps mistake, binds the latter. But they cannot bind the county by allowing and ordering a claim to be paid, not legally chargeable to it, or the allowance of which is prohibited by statute. They have not unlimited choice as to the objects to which the money of the public shall be applied. *Har-*

*ney* v. *Indianapolis, etc., R. R. Co.*, 32 Ind. 244. See also *Shirk* v. *Pulaski Co.*, 4 Dill. 209; *People, ex rel.*, v. *Supervisor*, 14 Mich. 336; *Board, etc.*, v. *Ellis*, 59 N. Y. 620, and cases there cited. Am. and Eng. Ency. of Law, Vol. 4, p. 389.

In *Harney* v. *Indianapolis, etc., R. R. Co., supra*, this court, by Worden, J., on page 246 of the opinion, said:

"The counties are corporations created for the purpose of convenient local municipal government, and possess only such powers as are conferred upon them by law. They act by a board of commissioners, whose authority is defined by statute. One of the powers conferred is to collect taxes levied upon the people and property within the county. In the dispositon of the money thus collected into its general treasury, the board has not unlimited discretionary choice as to the objects upon which it shall be expended. It can only be applied to certain specified objects, and the building of railroads is not one of these objects, or necessary to carry into effect any of the purposes for which such corporations were created."

A board of commissioners cannot illegally make an allowance under the guise of making the same for services voluntarily rendered or things voluntarily furnished. *Gemmill* v. *Arthur*, 125 Ind. 258. The case of *Board, etc.*, v. *Ellis, supra*, was an action by Richmond county, in the State of New York, to recover of the defendant money allowed to him by the board of supervisors, upon accounts not legally chargeable to that county, and it was there held that the action could be successfully maintained. The rule preventing the recovery of money voluntarily paid has no application under the facts in this case. As charged in the complaint, the claims were allowed and the money paid, without any legal authority for so doing.

In view of the alleged facts these claims were not

only allowed in violation of law, but they were presented by the appellee and the money of the county unlawfully received by him, and he is chargeable with knowledge of the illegal acts.

It was no payment by the county. The latter, as the principal, had no part in the payment. It could not, as a public corporation, be held to consent to the payment of, or expenditure of, the public money in defiance of law. Awarding to the appellee this money, under the alleged facts, was in a legal sense equivalent to an unlawful appropriation of the county's money to his own use by the aid of its board of commissioners. The allowance and payment of the money being unlawful, the commissioners did not act within the scope of their authority, and therefore did not bind the county. *Board, etc.,* v. *Ellis, supra; Lee* v. *Board, etc.,* 124 Ind. 214. Independent of the right given by section 6549, R. S. 1894, to recover back the money upon the part of appellant, which statute the appellee mildly insists has no application to an action under the facts in this case, we are of the opinion, however, that a right of action exists in favor of appellant. If the appellee has received and has the money of the county, under such circumstances that in equity and good conscience he ought not to retain the same, and which *ex aequo et bono*, belongs to the county, an action for its recovery will lie in favor of the latter. *McFadden* v. *Wilson,* 96 Ind. 253 and 257, and authorities there cited.; *Lemans* v. *Wiley,* 92 Ind. 436. If, under the facts in the case at bar, we should place the construction on the law as contended for by appellee, then a way would be paved by which it would be rendered easy for any person, under the guise of a legal claimant against a county, through the aid of its commissioners, if the latter were inclined to close their eyes to legal prohibitions, to unlawfully

obtain and appropriate to his own use the public money, and when called upon in a court of justice to account for the same, deny the right of the county's recovery upon the ground of *res judicata.* Such in reason is not the law. It is not essential in this appeal that we should examine the various claims alleged to have been unlawfully allowed to appellee in order to determine their validity.

Without deciding, we may here, however, suggest that we recognize certain items in the claims allowed that were not legally chargeable to the county, and as the judgment must be reversed, we must presume that upon another trial the lower court, under the issue and the law, will properly adjudge whether a part or the whole of the claims in controversy were illegally allowed and paid to appellee, and award judgment accordingly.

As we have held that the order of the commissioners allowing the claims are, at least, *prima facie* evidence of their correctness, and the appellant, by her action, having in effect assailed the same, the burden is cast upon her to overthrow them by showing that the claims in controversy were not legal charges against her, for the reason that there was no law which authorized them to be allowed in favor of appellee. The case of *Snelson* v. *State, ex rel.,* 16 Ind. 29, and other similar decisions of this court, which appellee insists are controlling of the point involved herein, in view of the present law relative to the allowing of claims against counties, as construed by the latter decisions, must be deemed to be modified as to the broad doctrine therein enunciated and under the facts and circumstances in this case we cannot accept them as authority on the particular question involved.

For the error in overruling the demurrer to the second paragraph of the answer, the judgment is re-

Board of Commissioners of Huntington Co. v. Heaston.

versed, with instructions to the lower court to sustain the demurrer to said paragraph and for further proceedings in accordance with this opinion.

Filed October 20, 1895.

## ON PETITION FOR REHEARING.

JORDAN, J.—We have carefully considered the reasons urged by the appellee for a rehearing in this appeal, but we are still of the opinion that a correct result was reached in the former hearing. It must be remembered that the complaint to which appellee's second paragraph of answer was addressed alleged that the latter, in addition to his salary as county auditor, did, under the color of his office, illegally tax and charge the fees in controversy, and in violation of law demanded and received the money from the county. These alleged facts the answer admitted, but sought to avoid the cause of action, upon the ground that the appellee had from time to time presented his claims to the board of commissioners of the county, and that the same had been duly allowed by said board and payment thereof awarded to him in pursuance of the order of the commissioners from which no appeal had been taken. The theory of the answer was that the board, in passing upon and allowing the claims acted as a court, with full jurisdiction over the person of the parties and the subject-matter involved, and that its order in making the allowance to the appellee out of the public funds, although wrongful and illegal, was an adjudication of the validity of the claims in question and precluded the appellant from maintaining its action. We denied the contention of appellee upon this proposition, and held that the paragraph was insufficient in bar of the action for the reasons given in the opinion. It is again strenuously in-

sisted by counsel for the appellee, that the case of *Snelson* v. *State, ex rel.*, 16 Ind. 29, ought to control our decision herein. That case, in holding in effect that the board of commissioners, in allowing claims against a county, exercised the powers of a court, to say the least, under former statutes, asserted a questionable doctrine. In view of the more recent legislation to which we referred in the original opinion, it must be manifest that the rule laid down in the Snelson case in this particular, can no longer be sustained. There is also an insistence by appellee that the money sought to be recovered was paid to him under a mistake of law, and therefore was a voluntary payment by the county, and under a well settled rule cannot be recovered. But aside from the fact that a recovery is expressly authorized by statute, it may be said that the rule preventing the recovery of money voluntarily paid, cannot be held, under the facts, to apply in the case at bar. If the allowance of the claims was made by the commissioners in defiance of a positive statute (as is section 6548, R. S. 1894; Elliott Supp., section 1975), the payment thereunder could not, in a legal sense, be considered as a payment by the county to the appellee, but the money might be said to have been obtained by him by virtue of the illegal act of the commissioners in allowing claims forbidden by the statute.

Under such circumstances, the allowance and payment could not be viewed as the act of the county, but rather as the result of the illegal act of her officials. See *Ada Co.* v. *Gess* (Sup. Ct. Idaho), 43 Pac. Rep. 71; *Guheen* v. *Curtis*, 2 Idaho, 1151; *State* v. *Moore*, 1 Ind. 548.

Petition overruled.

Filed April 21, 1896.