Board, etc., *v.* Beaver.

BOARD OF COMMISSIONERS OF HUNTINGTON COUNTY
*v.* BEAVER.

[No. 19,004.   Filed April 17, 1901.]

JUDGMENTS.—*Former Adjudication.—County Treasurer.—Mistake in Final Settlement.—Appeal from Board of Commissioners.— Action on Bond.*—A county treasurer claimed that he was twice charged with $12,000 in his annual settlement by reason of a change in the system of bookkeeping, and filed an application with the board of commissioners to correct the alleged mistake, which was denied, and an appeal was taken to the circuit court.   Pending the appeal, an action was brought by the prosecuting attorney on the relation of the county auditor to recover the amount, in which the defendant filed an answer alleging the mistake in bookkeeping.   Such proceedings were had that a judgment was rendered against defendant for the amount claimed, with interest and penalty, and such judgment was affirmed on appeal to the Supreme Court.   Thereafter the appeal from the board of county commissioners was tried, involving the same issue as in the action on the official bond, and it was found that a double charge was made against defendant and that he was entitled to have his settlement corrected accordingly.   *Held,* that the judgment on the official bond was an adjudication which constituted a bar to the subsequent action.   *pp. 450-458.*

COUNTIES. — *County Commissioners. — Refusal to Correct County Treasurer's Settlement.—Appeal.*—An appeal will not lie to the circuit court from the action of the board of commissioners in denying the application of a county treasurer for a correction of his annual settlement.   *pp. 458, 459.*

COURTS. — *Jurisdiction. — Circuit Courts. — Appeal from Board of Commissioners.*—Where it affirmatively appears that the circuit court has no jurisdiction of a cause appealed from the board of county commissioners, the question of jurisdiction may be raised at any stage of the proceedings.   *p. 459.*

From the Whitley Circuit Court.   *Reversed.*

*J. B. Kenner* and *U. S. Lesh,* for appellant.

*T. R. Marshall, W. F. McNagny, P. H. Clugston, O. W. Whitelock, S. E. Cook* and *J. C. Branyan,* for appellee.

MONKS, J.—It appears from the record that Daniel Christian served as treasurer of Huntington county two terms of two years each, from 1876 to 1880.   During his

terms of office he received $12,000, the proceeds of the sale of bonds for the construction of a free gravel road, but he never charged himself with the same, or accounted therefor while in office, or paid the same over to his successor.  He was succeeded by Joseph Stults, who served one term, from November 13, 1880, to November 13, 1882.   Appellee, Beaver, was elected treasurer in November, 1882, for two years commencing November 13, 1882, and was reëlected in 1884 for two years, commencing November 13, 1884. The gravel road, on account of which the bonds were sold and the $12,000 received by Christian as county treasurer, was built and paid for by warrants and orders out of the county fund.   In 1883 Christian became alarmed in regard to his defalcation and notified the county auditor and appellee (who was then treasurer) that he was chargeable with said $12,000 which he had never accounted for.   The county auditor, with the knowledge and consent of appellee, on the records in the auditor's office, increased the balance on hand as shown by the settlement of 1882, $808.40, and charged two items as follows:  "To balance turnpike fund on hand, June 1, 1882, $5,812.80", "To balance gravel road fund on hand, June 1, 1882, $5,378.80", total, $12,000; all of which entries were shown in the annual settlement of 1883. It was intended by these entries to charge appellee with the $12,000 received by Christian for the gravel road bonds sold by him and not before accounted for.   Said Christian paid over to appellee as such treasurer money at different times until the full sum of $12,000 was paid.   Prior to 1885 no separate account was kept of the various funds with which the county treasurer was charged, but the treasurer was charged with his receipts of all kinds, and credited with his disbursements of all kinds. The total disbursements were taken from the total receipts to ascertain the balance on hand, thus treating all the money received and paid out as one fund.   In 1885, however, the system of bookkeeping was changed, and the funds in the treasurer's hands separated,

and a ledger account made of each fund. The annual settlements of 1885 and 1886 were made under this new system. In July, 1886, after the annual settlement of 1886, appellee claimed that he was charged twice in the annual settlements of 1885 and 1886 with said sum of $12,000 received from said Christian; that he had on hand and not accounted for $12,000 less money belonging to said county than was shown by said annual settlements; that said three items amounting to $12,000 charged in 1883 were carried forward and into the annual settlements of 1885 and 1886, and by the separation of said funds he was again charged with said sum in the gravel road fund of the road, on account of which said bonds were sold. To obtain a correction of said alleged mistake, he filed an application before the board of commissioners asking a credit for said charges made against him in the annual settlement of 1883 and carried into the subsequent annual settlements as an overcharge of $12,000. This application was heard by said board of commissioners and denied at their September session of 1886. Appellee appealed from the decision to the Huntington Circuit Court.

Appellee's term of office as county treasurer expired November 12, 1886, and he paid over to his successor in office all the funds in his hands as such treasurer unaccounted for, as shown by the annual settlement of 1886, after charging himself with the amounts received since the date of that settlement, and taking credit with the disbursements made by him up to the expiration of his term, except $12,000. He refused to account for and pay over said sum for the reason that the same was an overcharge in the annual settlements, for which he was asking and was entitled to a credit, as set forth in his application to the board of commissioners. Afterwards in 1887, upon the order of appellant, as provided in §6506 R. S. 1881, the prosecuting attorney brought an action in the Huntington Circuit Court against appellee and his sureties on his official bond as such treasurer in the

name of the State on the relation of the auditor of said county. Appellee and his sureties in their second paragraph of answer alleged specifically the same mistake of $12,000 in said annual settlements, as presented by appellee's application before the board of commissioners, which was then pending in the Huntington Circuit Court on appeal. It was averred in said paragraph that appellee was charged twice with the sum of $12,000, and that the same was erroneous, and setting forth specifically how the mistake was made, and the manner in which appellee claimed he was charged twice with said amount, and that he fully accounted for and paid over to his successor all funds remaining in his hands at the expiration of his term of office. To this paragraph of answer a general denial was filed. The venue of said cause was changed to the Grant Circuit Court, where the same was heard by the court, a special finding of facts made, and conclusions of law stated thereon, and judgment rendered December 8, 1888, for said sum of $12,000, together with interest and penalty, which amounted in all to $14,110. From this judgment an appeal was taken by appellee and his sureties to the Supreme Court, where the same was affirmed April 11, 1890. *Beaver* v. *State*, 124 Ind. 324. The trial court, in said case, found and adjudged that appellee was never charged in any of his annual settlements or in the records with the sum of $12,000 received from Christian, except by the said three fictitious items in his annual settlement of 1883, the same being carried into the subsequent settlements as balance on hand. After said judgment was affirmed in this court, the proceeding brought by appellee, before appellant, to correct the alleged errors in his annual settlements, was still pending on appeal in the Huntington Circuit Court. On application of appellee the venue was changed to the court below. Appellant filed an answer of former adjudication, setting up the trial of the same question in the suit on appellee's official bond, and a judgment rendered thereon against appellee. To this an-

swer appellee filed a reply. The cause was tried by the court, a special finding of facts made, and conclusions of law stated thereon in favor of appellee. The question tried by the court was whether or not appellee was charged twice in the annual settlement of 1886 with the sum of $12,000 received from Christian, once by virtue of the three fictitious items in the annual settlement of 1883, which was carried into the subsequent annual settlements, and again on account of the new system of keeping account of the different funds, adopted in 1885. The issue was the same as that tried by the court in the action on the official bond of appellee in the Grant Circuit Court and affirmed in this court.

The court found that appellee was charged twice with said amount of $12,000, received from said Christian, in the annual settlements of 1885 and 1886. The court also found that in the suit in the name of the State on relation of the county auditor against appellee and his sureties on his official bond, appellee filed an answer alleging the same mistake in regard to said $12,000 as presented in this case. That the issues in said cause were tried by the court and "a judgment rendered against the defendants therein for $14,110, and that appellee was not entitled to a credit for the three false and erroneous items aggregating $12,000, but that said items represented the $12,000 proceeds of the gravel road bonds". The conclusion of law stated was that appellee was entitled to have his annual settlement of 1886 corrected so as to show a credit of $12,000. Over a motion for a new trial, the court rendered judgment that "the annual settlement of 1886 be corrected so as to show a credit of $12,000 in favor of appellee, in addition to the credits given to him in said settlement, so as to show that the balance of county funds in his hands as such treasurer at the date of said report, was in truth and fact $12,000 less than the balance shown to be in his hands by said report. That said additional credit is given plaintiff (appellee) for the

false and erroneous charges made against him and in favor of defendant (appellant) in the annual settlement of 1883, which was carried into and made a part of the annual settlements of 1884, 1885, 1886, and which false and erroneous charges to the extent of said $12,000 were subsequently collected of and from the plaintiff." The conclusions of law and the action of the court in overruling the motion for a new trial are separately challenged by the assignment of errors.

Appellant, however, first insists that no appeal was authorized by statute from the decision of the board of commissioners in denying appellee's application to correct his annual settlements as county treasurer, for 1885 and 1886, and that therefore the court below had no jurisdiction to try and determine this proceeding on appeal. Appellee insists that said decision of the board of commissioners was judicial in character and that the statutes authorized an appeal therefrom. Even if appellee's contention as to the right of appeal in this proceeding is correct, a question we will hereafter determine, this cause must be reversed. It is evident that the same evidence that would have established appellee's defense in the action on his official bond, under the answer filed in that case, would have established the alleged mistake in his annual settlements. The issue as to this question was the same in both cases. In the action on the official bond, the court found and adjudged that appellee was only charged once with the $12,000 received from Christian, in the annual settlements of 1885 and 1886, and that the balance in his hands, as shown by said annual settlements, was correct, and rendered judgment therefor, with interest and penalty, against appellee and his sureties, while in this case the court found and adjudged that appellee was charged twice with said $12,000 in said annual settlements and that the balance in appellee's hands was $12,000 less than shown by said settlements. The answer of former adjudication, filed in this case, setting up the trial and adjudication of

the same question in the action on the official bond, was fully supported by the evidence and special finding. Appellee insists, however, that the parties to this action are not the same as in that. The real parties in interest in the action on the bond were the appellee and the sureties, and the county of Huntington, represented by the board of commissioners of said county. The corporate name and style being "the board of commissioners of the county of Huntington", by which name the board are authorized to prosecute and defend all suits. §7820 Burns 1894, §5735 R. S. 1881 and Horner 1897.

It is true that the county auditor of Huntington county was the relator in the action on said official bond, but he was a mere nominal party, without power to settle or in any way compromise said action, or receive any money in said action, before or after judgment. The action was to recover money belonging to the county, and the judgment when rendered and the money when paid thereon were the property of the county; and it is expressly adjudged in this action that the same was paid over to the county. In the absence of any statute expressly providing that said action should be brought in the name of the auditor as relator, the board of commissioners would have been the only proper relator, in an action on the official bond, to recover county funds. §251 Burns 1894, §251 R. S. 1881 and Horner 1897. *Board, etc., v. Kimberlin,* 108 Ind. 449. The judgment in that case was as binding and conclusive on the board of commissioners of Huntington county as if said board, instead of the auditor, had been the relator therein. That said judgment was also binding upon appellee and his sureties against whom judgment was rendered, is not denied. The fact that said action involved persons who are not parties to this proceeding, is immaterial. 2 Van Fleet's Former Adj. §552, p. 1122; *Davenport v. Barnett,* 51 Ind. 329, 333, 334; *Nave v. Adams,* 107 Mo. 414, 17 S. W. 958, 28 Am. St. 421; *Dowe v. McMichael,* 6 Paige 139.

The adjudication in the action on the official bond, that appellee was only charged once with said $12,000 in his annual settlements of 1885 and 1886, and that there was no error or double charges in said settlements, as alleged, is clearly a bar to this proceeding, in which appellee sought to try the same question a second time.

We concur, however, with counsel for appellant in their insistence that there was no appeal from the decision of the board of commissioners in denying appellee's application. The settled rule in regard to appeals from the decisions of boards of commissioners is that if such decision of the board is judicial in its character an appeal lies therefrom, under the general right of appeal authorized by §7859 Burns 1894, §5772 R. S. 1881 and Horner 1897, unless the right of appeal is denied expressly or by necessary implication by the statute under which the decision is made; but if the decision is made in the exercise of merely administrative, ministerial, or discretionary powers, no appeal lies therefrom unless the statute in express terms authorizes an appeal from such decision. *Board, etc., v. Conner,* 155 Ind. 484; *Potts v. Bennett,* 140 Ind. 71; *Board, etc., v. Heaston,* 144 Ind. 583, 588, 55 Am. St. 192.

Since May 5, 1853, the statute has required a county treasurer annually to make a complete settlement with the board of county commissioners, at the regular June term thereof, and that at the expiration of his term, he shall deliver to his successor all public moneys, books, and papers, in his possession. §8003 Burns 1894, §5925 R. S. 1881 and Horner 1897. Such annual settlements made by the county treasurer with the board of commissioners are not conclusive upon the State or county. In making such settlements the board of commissioners acts in a purely administrative or ministerial capacity, and when so acting, its determination is not conclusive upon either party to such settlement. *Hunt v. State,* 93 Ind. 311, 317-323; *Bunnell v. Board, etc.,* 124 Ind. 1.

The provision in §7913 Burns 1894, §5811 R. S. 1881 and Horner 1897, enacted in 1879, that no settlements made by the board of commissioners with any county, township or school officer shall be conclusive and binding on the State or county, but that such officer and his sureties shall be liable the same as if no settlement had been made, was an enactment of what was already the law on that subject. *Hunt* v. *State,* 93 Ind. 311, 317-323.

The action of a board of commissioners in making settlements with county treasurers and township trustees, and in the examination and confirmation of their reports, being the exercise of administrative or ministerial and not judicial powers (*Bunnell* v. *Board, etc.,* 124 Ind. 1; *State* v. *Board, etc.,* 136 Ind. 207; *Hunt* v. *State, supra*), there is no appeal from the decision of such board in such cases unless the right of appeal is given by statute in express terms. *Board* v. *Conner,* 155 Ind. 484, and cases cited; *Bunnell* v. *Board, etc., supra; State* v. *Board, etc., supra.* As no right of appeal in such cases is given by statute in express terms, it follows that no appeal could be taken from the decision of the board approving or refusing to approve the annual settlement of a county treasurer. If no appeal can be taken from such decision of the board, it certainly follows that no appeal can be taken from the decision of a board of commissioners denying an application to correct or change such annual settlement.

Appellee cites *Board, etc.,* v. *Benson,* 83 Ind. 469; and *Board, etc.,* v. *Tichenor,* 129 Ind. 562, as declaring a different rule. These cases are not in point. There the county treasurers through mistake and inadvertence had paid over and accounted for more money than they had received. Under the statute, they filed claims therefor and asked an allowance against the county to be paid out of the county treasury. The claims were disallowed by the boards of commissioners. An appeal in such cases is authorized in express terms by §7856 Burns 1894, §5769 R. S. 1881 and

Horner 1897.  In this case, appellee did not claim, in his application, that he had paid out or accounted for more money than he had received and ask an allowance therefor, but only that a mistake had been made in his annual settlements by which he was charged with more money than had come into his hands, and asked that his annual settlements be corrected in this respect, and this was the relief given by the court below in its final judgment.  As we have already said, the board acted in an administrative or ministerial capacity in denying said application, and such decision was no more conclusive on appellee or the county than was the action of the board in approving the annual settlements. There being no statute in express terms authorizing an appeal from such decision, the trial court had no jurisdiction of the same on appeal.

Appellee, however, insists that no question of jurisdiction is presented by the record, for the reason that the Huntington Circuit Court and the court below were "courts of general jurisdiction, and their authority to proceed in a case need not affirmatively appear by the complaint".  It is true that as the circuit court is a court of general jurisdiction that its authority to proceed need not affirmatively appear from the complaint.  *Board, etc., v. Tichenor,* 129 Ind. 562, 565, and cases cited; *Noerr v. Schmidt,* 151 Ind. 579, 584, 585, and cases cited.  But in this case it affirmatively appears from the application filed before the board of commissioners that the same was not appealable, and that the circuit court had no jurisdiction on appeal.  Under such circumstances the question of the jurisdiction of the circuit court can be raised at any stage of the proceedings.  Ewbank's Manual, §289; *Doctor v. Hartman,* 74 Ind. 221, 228-231.

Judgment reversed, with instructions to dismiss the appeal from the decision of the board of commissioners of the county of Huntington.