The State, *ex rel.* Starry, *v.* The Board of Comm'rs of Warren County.

No. 16,440.

The State, ex rel. Starry, *v.* The Board of Commissioners of Warren County.

Mandamus.—*Township Trustee.*—*Settlement with County Commissioners.*—*Refusal of Board to Make Allowance.*—Settlements made by county commissioners with township trustees are not final or conclusive, and in such settlements the commissioners do not act judicially, but in an administrative capacity, from which no appeal lies; and if the board fails and refuses to make the proper allowances in such settlement, the trustee may proceed against the board by mandamus.

From the Warren Circuit Court.

*J. F. Hanly* and *E. C. Stansbury,* for appellant.

*C. V. McAdams,* for appellee.

Howard, C. J.—This was a petition for an alternative writ of mandate, to require the appellee, board of county commissioners, to approve a claim filed before the board by the appellant relator for services as township trustee, for the year ending August 3, 1891.

A demurrer to the alternative writ was sustained by the court, and this ruling is assigned as error.

From the writ, it appears that in April, 1890, the relator was elected trustee of Steuben township, in Warren county, Indiana, and entered upon his duties August 4, 1890; that during the year ending August 3, 1891, he served his said township as trustee one hundred and fifty days; that on August 3, 1891, he filed with the county commissioners his annual report of receipts and expenditures, which report was approved as filed, except as to the following voucher:

"August 1, 1891.

"Received of Miles Starry, Trustee of Steuben township, Warren county, Indiana, the sum of three hun-

dred dollars, out of the township funds, for one hundred and fifty days services as trustee.

"$300.                    (Signed) MILES STARRY."

That the board refused to allow said sum as so receipted for, but in lieu thereof allowed the relator, as such trustee, the sum of two hundred dollars.

It also appears that afterwards the relator prepared and offered to file with the board an itemized and verified statement of his services, as required by the statute, but the board refused to receive it.

The statute in force during the time when the services named were rendered, provided that the pay of township trustees should be two dollars per day.   Elliott's Supp., section 1978.

Provision was also made in the statute, for the annual report and settlement of trustees with county commissioners.   R. S. 1881, section 5998.

And under the statutes then in force, the annual report in this case was not made at an improper time.   Elliott's Supp., sections 1273, 1390, 1392 and 1395.

It would therefore seem, under the state of facts admitted by the demurrer, that, at least after the filing of the itemized statement of services, the board of commissioners should have approved the trustee's report as filed.

Our statute (R. S. 1881, section 5811) has expressly provided that settlements made by county commissioners with county, township, and school officers shall not be final or conclusive.   It has been accordingly held that in such settlements the commissioners do not act judicially, but in their administrative or supervisory capacity, and, consequently, that no appeal lies from their decisions in such cases.   *Bunnell* v. *Board, etc.*, 124 Ind. 1.

It has been said that mandamus is an extraordinary

The State, *ex rel.* Starry, *v.* The Board of Comm'rs of Warren County.

legal remedy, which is granted only where without its aid there would be a failure of justice. 7 Lawson Rights, Remedies and Practice, section 4027.

And the same author, in section 4031, says that "Where the law has enjoined upon a public officer the performance of a specific act or duty, and there is no other adequate remedy provided by law, such performance may be enforced by mandamus."

In the case before us, if the township trustee spent one hundred and fifty days in the performance of his duties, and presented a proper claim for his services, it was the duty of the board to allow the same at the rate per day provided by law.

The alternative writ issued to compel the board to perform this duty will be treated as a complaint, to which the board may demur, or may answer setting up such facts as may show that the writ should not be allowed. Trial will follow as in other cases, and so the merits of the case may be determined. *Board, etc., v. State, ex rel.*, 61 Ind. 379; R. S. 1881, section 1171.

We think that in this case the complaint showed a good cause of action.

The judgment is reversed, with instructions to overrule the demurrer to the alternative writ of mandate and for further proceedings.

Filed Jan. 2, 1894.