## SUMME v. BROWNE.

[No. 20,570.    Filed November 28, 1905.]

1. ELECTIONS.—*Contest.—Appeal from Board.*—While the statutes give the right of appeal from the decisions of the board of commissioners in contested election cases, such decisions must be final in their nature.  p. 491.

2. SAME. — *Contest. — Procedure.—Boards of Commissioners.*— The proceedings before the boards of commissioners in election contests are governed by the rules of law obtaining in circuit courts.  p. 491.

3. SAME.—*Contest.—Final Judgment.*—An order of the board of commissioners in an election contest, that such commissioners "after due consideration and careful examination, * * * do now find the contestee William F. Browne is duly elected by a plurality of one vote," is not a final judgment, and an appeal therefrom should be dismissed.  p. 491.

From Carroll Circuit Court; *T. F. Palmer,* Judge.

Election contest by Levi Summe against William F. Browne. From a judgment for the contestee, contestant appeals.  *Affirmed.*

*John L. Hanna* and *Gus. A. Hall,* for appellant.

*John C. Farber, William A. Roach, James O. Obear, Boyd & Julien, Edward E. Pruitt* and *John H. Gould,* for appellee.

MONKS, J.—This is a proceeding to contest the election of a public officer commenced by appellant before the Board of Commissioners of the County of Carroll. The cause was appealed by appellant to the court below, where, on motion of appellee, the appeal was dismissed, on the ground that there had been no such final decision or judgment as put an end to the case before said board of commissioners. The ruling of the court below is assigned for error.

The statutes give the right of appeal in contested election cases from any decision of the board of commissioners.

1. §§6318, 7859 Burns 1901, §§4762, 5772 R. S. 1881 and Horner 1901. While the statutes provide that an appeal may be taken from any decision of the board, it has been uniformly held that the same must be final in its nature, that it must put an end to the proceedings before the court. *Hanna* v. *Board, etc.* (1867), 29 Ind. 170; *Freshour* v. *Logansport, etc., Turnpike Co.* (1886), 104 Ind. 463, 465-467; *Indiana Improv. Co.* v. *Wagner* (1893), 134 Ind. 698, and cases cited; *Glassburn* v. *Deer* (1895), 143 Ind. 174, 179; *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 484, 485.

In the hearing and determination of all questions, either of law or fact, arising in the progress of contested election cases, boards of commissioners are governed by the

2. rules of law obtaining in the circuit courts. §6317 Burns 1901, §4761 R. S. 1881 and Horner 1901; *Hadley* v. *Gutridge* (1878), 58 Ind. 302, 309-313; *Tombaugh* v. *Grogg* (1896), 146 Ind. 99, 107.

It is shown by the record that the board of commissioners "after due consideration and careful examination, * * *

3. do now find the contestee, William F. Browne, is elected by a plurality of one vote, * * * and the contester Levi Summe does now pray an appeal to the circuit court." This was a mere finding of a fact in issue, and was in no sense a judgment, final order or decision. Nor does it purport to be such. There is nothing in the record showing that the board intended it to be anything more than a finding of fact. The board of commissioners did not by such finding of fact put an end to the proceeding before them. It yet remained for that body to pronounce some final judgment, order or decision under the rules of law obtaining in the circuit courts. Without wait-

ing for the board to take such action, appellant appealed to the circuit court. This is not the case of an appeal from an informal final order, decision or judgment, but an appeal before any such action was taken by the board.

It follows that the court below did not err in sustaining appellee's motion to dismiss the appeal. Judgment affirmed.