## GOOD ET AL. v. BURK.

[No. 20,675.   Filed May 29, 1906.   Rehearing denied December 12, 1906.]

1. APPEAL AND ERROR. — *Assignments of Errors.* — *Names of Parties.*—An assignment of errors setting out the full names of all the parties appellant and alleging that they were the same parties who were petitioners below, is good, though some of their Christian names below were signed only by initial, and in some instances only the partnership names were used. p. 464.

2. PLEADING. — *Complaint.* — *Names of Parties.* — *Judgment.* — Orders made by a board of commissioners in accordance with the prayer of a petition are not void because some of the petitioners signed same by their surnames and initials only of the Christian names, and others by their partnership names alone. p. 465.

3. INTOXICATING LIQUORS. — *Remonstrance.—Signatures.—Sufficiency.*—A remonstrance, under §7283i Burns 1901, Acts 1895, p. 248, §9, against the granting of a license to sell intoxicating liquors, is sufficient though signed by the surnames and initials of the Christian names only of the remonstrators. p. 465.

4. PLEADING.—*Complaint.—Names of Parties.*—The defendant has the right to request that plaintiffs' full names shall be set out in the pleadings in the cause. p. 466.

5. APPEAL AND ERROR.—*Interurban Railroads.—Names of Parties.—Failure to Object.—Waiver.*—A failure of a remonstrant, in an interurban railroad subsidy proceeding, to object in the trial court to names of the petitioners, which were signed in some cases by the surnames and intials only of the Christian names, and in other cases by partnership names only, is a waiver of the right to question same on appeal. p. 466.

6. PARTIES. — *Interurban Railroads.* — *Subsidies.* — *Petitions.* — *Signatures.*—Petitioners for an interurban railroad subsidy election, though signing by surnames and initials only of Christian names, and by partnership names, are parties and have the right to take any steps deemed necessary in the conduct of the proceeding. p. 466.

7. APPEAL AND ERROR.—*Boards of Commissioners.—Interurban Railroads.—Elections.—Expiration of Time Fixed for.—Effect.* —An appeal to the Supreme Court from an order fixing a day for an interurban railroad subsidy election, will not be dismissed because the case on appeal could not be heard until after

the expiration of the day fixed for such election, the duty of the board of commissioners on a remanding of the cause being to fix another day for such election. p. 466.

8. APPEAL AND ERROR.—*Motion to Dismiss.—Whether in Record without Bill of Exceptions.—Statute.*—A motion to dismiss an appeal from the board of commissioners, the ruling thereon and exception thereto are in the record by virtue of §641c Burns 1905, Acts 1903, p. 338, §3, without a bill of exceptions. p. 467.

9. SAME. — *Final Judgment. — Boards of Commissioners.* — Appeals, under §7859 Burns 1901, §5772 R. S. 1881, can only be taken from the final judgments rendered by the boards of commissioners. p. 467.

10. SAME.—*Final Judgments.—What Are.—Interurban Railroads.—Subsidies.—Elections.*—Final judgment by the board of commissioners, in case of action favorable to petitioners for an interurban railroad subsidy, is rendered only after an election, and consists in the granting of the prayer of the petition and the levying of the tax to pay such subsidy. p. 468.

11. SAME. — *Interlocutory Judgments. — Dismissal. — Constitutional Law.*—The Supreme Court will not decide a question of constitutional law involved in an appeal taken from an interlocutory judgment of the board of commissioners, there being no right of appeal in such a case. p. 468.

From Clinton Circuit Court; *Samuel R. Artman,* Special Judge.

Petition by George M. Good and others, against which Samuel W. Burk defends. From a judgment for defendant, petitioners appeal. *Reversed.*

*D. S. Holman, John C. Farber* and *James V. Kent,* for appellants.

*Asa H. Boulden* and *Martin A. Morrison,* for appellee.

MONKS, J.—This proceeding was brought before the Board of Commissioners of the County of Clinton by appellants, more than twenty-five freeholders of Center township, in said county, asking said township to make an appropriation of money to aid the Tipton, Frankfort & Attica Traction Company, an interurban railroad company, organized under the laws of this State, in constructing its railroad in and through said township, subject

to certain conditions in regard to the construction and equipment of its principal power-house and machine shops. The proceeding was brought under the act of 1869 (Acts 1869 [s. s.], p. 92), and acts amendatory thereof and supplemental thereto (§5341 et seq. Burns 1901, §4046 et seq. R. S. 1881, and Acts 1903, p. 233, §5340a Burns 1905). Appellee was, on his application, made a defendant by order of the board of commissioners. Such proceedings were had that said board of commissioners found for the petitioners, and ordered that the question of making said appropriation of money by said township be submitted to the voters of said township, and fixed a day for said election to be held as provided in §§5341-5350 Burns 1901, §§4046-4055 R. S. 1881. From this order appellee appealed to the court below, where appellants filed a written motion to dismiss said appeal, for the reason that the order of the board from which the appeal was taken was an interlocutory order and not a final judgment that ended the proceeding before the board. The court below overruled said motion, and on its own motion dismissed said proceeding, and rendered final judgment against appellants.

The errors assigned call in question the action of the court (1) in overruling appellants' motion to dismiss said appeal; (2) in dismissing the proceeding on its own motion. Appellee claims that this court has no jurisdiction of the appeal because all the parties to the judgment of the court below are not shown by the record to be parties to this appeal, citing Ewbank's Manual, §§144, 146. Appellee in his brief says that this contention rests on the fact "that in the court of the board of commissioners and in the circuit court many of the petitioners, now appellants, appeared only by initials, or by copartnership names, or by nicknames, and there is nothing in the entire record, up to and including the final judgment of the circuit court, to amend or correct this de-

fect." It is true that many of the petitioners in signing the petition signed their Christian names by the initial letters only, and that in a few cases firm names were signed. In this court, however, the full names of all the appellants are given in the assignment of errors, and it is alleged in the assignment of errors that said appellants "are the same and identical persons who signed the petition filed in the commissioners court in this cause." The objection to the assignment of errors is not tenable. The proceed-

2. ings before the board of commissioners and in the court below are not void on account of the manner in which many of the appellants signed the petition. *Myers* v. *Wilson* (1906), 166 Ind. 651, and cases cited. Appellee contends that the appellants who signed their Christian names to the petition by the initial letters only, had no standing in the court below and could make no motion and take no exceptions to any ruling of the court thereon, and that as the motion to dismiss the appeal in the court below was the joint motion of all the petitioners, the exception taken by said petitioners to the ruling of the court thereon was ineffectual as to those who had no standing in court, and was therefore ineffectual as to all. The statute under which this proceeding was brought only requires that the petition be "signed" by twenty-five freeholders of the township of such county, etc. §5340 Burns 1901, Acts 1889, p. 82. Nothing is said as to the manner of signing said petition.

It was held by this court in *Collins* v. *Marvil* (1896), 145 Ind. 531, that the signature of a remonstrant under section nine of the act known as the Nicholson law

3. (§7283i Burns 1901, Acts 1895, p. 248) was sufficient if he signed his "surname in full and his Christian name by the initial letter." See, also, *Ferguson* v. *Smith* (1872), 10 Kan. 396; 14 Ency. Pl. and Pr., 274; 21 Am. and Eng. Ency. Law (2d ed.), 308, 309.

While the petition was not rendered void or ineffective because not signed by the full Christian name as well as the surname of each petitioner, it may be true that, by raising the question in a proper manner and form at the proper time appellee would have been entitled to have the full Christian name and surname of each petitioner entered of record as a party plaintiff. *Hopper* v. *Lucas* (1882), 86 Ind. 43, 49. It does not appear that any objection was raised before the board of commissioners or in the circuit court as to the manner in which the petition was signed, or that any question was raised or presented in regard to the same. It is too late to present the question now, for the reason that unless such questions are properly presented to the court below they cannot be considered on appeal. Ewbank's Manual, §§7, 24, 38; Elliott, App. Proc., §470. The petitioners, the appellants here, were parties to said proceeding before the board and in the circuit court regardless of how they signed their names to the petition, and were bound by the judgments of said tribunals until vacated or set aside, and had the right to take steps in said cause, make objections, take exceptions, and assign errors on appeal, the same as if each had signed his Christian name and surname in full.

It is next insisted by appellee that as the time fixed by the board of commissioners for holding said election had passed before the appeal to this court was perfected, the question involved in this case became a moot question, and this appeal must be dismissed. This contention of appellee cannot be sustained, for the reason that if this cause is reversed, and the court below is directed to dismiss the appeal, it will be the duty of the board of commissioners to fix another day for said election.

Under section three of the act of 1903 (Acts 1903, p. 338, §641c Burns 1905) the motion of appellants in the

court below to dismiss the appeal from the board of commissioners and the ruling of the court thereon and the exception of the appellants to said ruling were parts of the record without a bill of exceptions. Since the taking effect of said act all the papers and entries necessary to a review of said ruling in this court on appeal are a part of the record without filing a bill of exceptions.

It is claimed by appellee that the court below properly overruled said motion to dismiss the appeal, and of its own motion dismissed the proceedings because (1) the word "railroad," used in the act of 1869 and subsequent acts providing for the voting of aid to railroad companies, does not include interurban street railroads, and that under said acts the board of commissioners has no jurisdiction to act on any petition to vote aid to such interurban street railroads; (2) the act of 1903 (Acts 1903, p. 233, §5340a Burns 1905), which provides that said acts "be extended to and held to include every kind of street railroad, suburban street railroad, or interurban street railroad," is unconstitutional and void. It has been held by this court under said act of 1869 and acts amendatory thereof and supplemental thereto, that when the board of commissioners entered an order granting the prayer of the petitioners, or refusing to grant the prayer thereof, an appeal may be taken therefrom under §7859 Burns 1901, §5772 R. S. 1881 and Horner 1901. *Board, etc., v. Conner* (1900), 155 Ind. 484, 490, and cases cited. While said section provides that an appeal may be taken from any decision of the board, it has been uniformly held that the same must be final in its nature, and that it must put an end to the proceedings before that tribunal. *Summe v. Browne* (1905), 165 Ind. 490, and cases cited; *Strebin v. Lavengood* (1904), 163 Ind. 478, 484, 485.

It is provided in §5351 Burns 1901, §4056 R. S. 1881 and Horner 1901, that "if a majority of the votes cast

shall be in favor of such railroad appropriation, the
board of county commissioners, at its ensuing regular June session, shall grant the prayer of said petition, and shall levy a special tax," etc. It is evident that when the board of commissioners orders an election, and fixes the date thereof as provided in §5341 Burns 1901, §4046 R. S. 1881 and Horner 1901, the proceeding is not at an end before the board, for the result of said election determines whether the board shall grant or refuse to grant the petition. In this case the appeal was taken from the order of the board ordering the election and fixing the date when it should be held. This was a mere interlocutory order, from which, under the authorities, no appeal could be taken.

Even if appellee's contentions that the railroad aid acts do not include interurban street railroads, and that the act of 1903 (Acts 1903, p. 233, §5340a Burns 1905) is unconstitutional, are correct, questions we need not and do not decide, no appeal could be taken in said proceeding until the order granting or refusing to grant the petition was made by the board under §5351, *supra.* It follows that the court erred in overruling appellants' motion to dismiss said appeal and in dismissing the proceedings.

Judgment reversed, with instructions to sustain the petitioners' motion to dismiss the appeal and return the papers in the cause to the board of commissioners for further proceedings.