## NISIUS ET AL. v. CHAPMAN.

[No. 22,159.   Filed November 22, 1912.] ·

1. COUNTIES.—*Proceedings Before Board of Commissioners.—Appeal.—Nature of Decision From Which Appeal May be Taken.*—The decision of a board of county commissioners, from which an appeal may be taken, must be final in its nature and must put an end to the proceedings before that tribunal.   p. 495.

2. HIGHWAYS.—*Improvements.—Proceedings Before Board of Commissioners.—Appeal.*—Under §7711 *et seq.* Burns 1908, Acts 1905 p. 521, providing for the improvement and construction of gravel roads, improvements cannot be made until after the report of the engineer and viewers has been confirmed, and an election had wherein the majority of the votes cast favor the proposed improvement, and the final order of the board establishing the same is not entered until after such election, so that the order of the board, in sustaining a petition for highway improvements and referring the same to an engineer and viewers for further action, is not a final order from which an appeal may be taken.   pp. 496, 497.

3. APPEAL.—*Decisions Reviewable.—Interlocutory Orders.—Statutory Provisions.*—An appeal cannot be taken from an interlocutory order unless there is a statute expressly providing therefor, and such statute must be strictly construed.   p. 494.

4. APPEAL.—*Assignment of Errors.—Parties.—Question Not Presented in Trial Court.*—Where the parties to a judgment are designated in the assignment of errors the same as they were designated in the lower court, the assignment is sufficient, since under Rule 6 of the Supreme Court a cause will not be dismissed on the ground that the names in the assignment of errors are insufficient, when no such question was raised in the lower court. p. 497.

From Jasper Circuit Court, *Charles W. Hanley*, Judge.

Appeal to the circuit court by James C. Chapman from an order of the board of commissioners of Jasper County, sustaining the petition of Joseph Nisius and others for the improvement of a highway. From a judgment of the circuit court dismissing the petition, the petitioners appeal. *Reversed.*

*George A. Williams* and *Frank Foltz,* for appellants.
*Moses Leopold* and *A. Halleck,* for appellee.

SPENCER, J.—Appellants filed a petition in the commissioners' court of Jasper county, Indiana, for the improvement of certain highways in Jordan township, in said county, as provided by §7711 *et seq.* Burns 1908, Acts 1905 p. 521. The petition was set for hearing June 6, 1911, and notice given in compliance therewith.

On said date, appellee, as a taxpayer of said township, owning land directly affected by the proposed improvement, filed a written motion in commissioners' court challenging the jurisdiction of the board, and praying a dismissal of said petition. The board overruled said motion and sustained the petition, appointed an engineer and two viewers, and referred the petition to them for further action. Appellee thereupon appealed to the circuit court of Jasper county, which court held that neither the commissioners nor the circuit court had jurisdiction of said cause, and ordered its dismissal, from which order this appeal is presented.

Appellants insist that the circuit court erred in refusing to dismiss appellee's appeal from the order of the board. The sole question presented for determination here is, Was the action of the board sustaining said petition, a judgment from which an appeal could be taken?

When a statute provides that an appeal may be taken from any decision of the board, it has been held uniformly that the same must be final in its nature, and that it

1. must put an end to the proceedings before the tribunal. *Good* v. *Burk* (1906), 167 Ind. 462, 467, 77

N. E. 1080; *Summe* v. *Browne* (1905), 165 Ind. 490, 76 N. E. 99; *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 484, 485, 71 N. E. 494; *Hall* v. *McDonald* (1908), 171 Ind. 9, 11, 85 N. E. 707.

Under §7711, *supra,* the commissioners order the construction of gravel roads, but such improvements cannot be made without the further and final action of the board, confirming the report of a competent civil engineer and two viewers, three responsible freehold voters of the county who are not residents of, nor owners of taxable property in, the township where said roads are to be built, who are appointed by the board for the purpose of determining whether or not said proposed improvements will be of public utility, the character thereof, furnish proper profiles and specifications as required by said act, and to estimate the costs of said improvements, and assess any damages for injuries to property. The board then orders an election held, and if a majority of votes cast be found in favor of the proposed improvement, the board enters its final order establishing the same. Such an order is final within the meaning of said act from which an appeal may be taken, and until such an order is made by the board the proceedings remain under the jurisdiction of said board of commissioners.

No appeal can be taken from interlocutory orders, unless there is a statute expressly providing therefor, and such statute must be strictly construed. *Natcher* v. *Natcher* (1899), 153 Ind. 368, 55 N. E. 86; *Western Union Tel. Co.* v. *Locke* (1886), 107 Ind. 9, 7 N. E. 579; *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 82 N. E. 461; *Barnes* v. *Wagener* (1907), 169 Ind. 511, 82 N. E. 1037; *Neyens* v. *Flesher* (1907), 39 Ind. App. 399, 79 N. E. 1087.

Following the uniform decisions of this court, that an appeal will not lie from such an order as that made by the

board of commissioners, which was an interlocutory
2. order, determining the jurisdiction of the board of
commissioners in the matter of said petition, we must
conclude that the appeal from the board of commissioners
was improperly taken, there being no statute expressly pro-
viding therefor.

The record does not show that any other order was made
or action taken by the board. This appeal was prematurely
taken, and the record presents no question for our considera-
tion, except as stated above. An appeal will only lie in such
cases from the final order of the board. *Wilson* v. *McClain*
(1892), 131 Ind. 335, 336, 30 N. E. 1093; *Kirsch* v. *Braun*
(1899), 153 Ind. 247, 259, 53 N. E. 1082.

The names of the parties in the assignment of errors are
the same as those signed to the petition as filed in the com-
missioners' court. If the parties to the judgment are
4. designated in the assignment of errors, the same as
they were designated in the lower court, such assign-
ment of errors is sufficient. This is true, because no party
to a proceeding can procure a dismissal of a cause in this
court under Rule 6, on the ground that the names in the
assignment of errors are insufficient, when he raised no such
question in the lower court.

Judgment reversed, with instructions to sustain appel-
lants' motion to dismiss the appeal from the order of the
board of commissioners.

NOTE.—Reported in 99 N. E. 785. See, also, under (1) 11 Cyc.
405; (2) 37 Cyc. 133; (3) 2 Cyc. 591; (4) 2 Cyc. 985.