## COLLINS ET AL. *v.* LAYBOLD ET AL.

[No. 22,624. Filed April 21, 1914. Rehearing denied June 30, 1914.]

1. MANDAMUS.—*Jurisdiction of Supreme Court.*—Actions for mandate can be begun in the Supreme Court under §1224 Burns 1914, Acts 1911 p. 541, only when necessary for the exercise of its functions and powers as an appellate tribunal, so that relief can not be granted on a petition to it praying the issuance of a mandate to the lower court to take steps permitting the perfection of an appeal in a cause not appealable. p. 129.

2. DRAINS.—*Proceedings to Establish.*—*Appointment of Appraisers.*—*Appeal.*—Persons affected by a proposed drainage construction under the act of March 10, 1913 (§§8233b-8233e1 Burns 1914, Acts 1913 p. 433), who were not petitioners and did not intervene as provided in §13 of the act (§8233n Burns 1914) and raise the issues therein authorized, or attempt to question the jurisdictional fact, but who, after the appointment and qualification of appraisers, appeared and applied for an appeal, merely averring generally that they were interested and were aggrieved by the order appointing the appraisers, do not come within any of the provisions of the act authorizing an appeal, and cannot perfect their appeal under §6021 Burns 1908, §5772 R. S. 1881, since that section is not applicable to such proceeding. pp. 131, 133.

3. DRAINS.—*Proceedings to Establish.*—*Jurisdictional Facts.*—In a proceeding under §13 of the act of March 10, 1913 (§8233n Burns

1914, Acts 1913 p. 433), asking the appointment of appraisers to assess the benefits and damages resulting from the construction of a proposed drainage system, the board of commissioners was bound to determine, as a jurisdictional fact, that the petitioners for the drain constituted a majority of the owners of the land affected, before appointing the appraisers. p. 131.

4. COUNTIES.—*Board of County Commissioners.*—*Decisions Appealable.*—Under §6021 Burns 1914, §5772 R. S. 1881, authorizing appeals from decisions of boards of county commissioners, appeals may be taken only from such decisions as involve judicial action and are so final in their nature as to put an end to the proceedings before the commissioners. p. 132.

5. DRAINS.—*Proceedings to Establish.*—*Appointment of Appraisers.* —*Appeal.*—Where a sufficient petition to invest the board of commissioners with jurisdiction of a drainage proceeding has been filed, the subsequent appointment of appraisers to assess the benefits and damages is an executive or administrative function, and as a general rule no appeal will lie from an interlocutory order making such appointment, unless expressly authorized by the statute controlling the proceeding. p. 132.

6. APPEAL.—*Right of Appeal.*—The right of appeal is purely statutory, and may be extended, limited, or entirely withheld, at the discretion of the legislature. p. 133.

From Vigo Circuit Court; *Henry W. Moore,* Special Judge.

Petition by Frederick Laybold and others, as directors of the Greenfield Bayou Levee Association, for the appointment of appraisers in a drainage proceeding. From a judgment of the circuit court dismissing the appeal of Micajah Collins and others from the order of appointment, this appeal is prosecuted. *Appeal dismissed.*

*Stimson, Stimson, Hamill & Davis,* for appellants.

*William J. Whitaker, Peter M. Foley* and *Thomas F. O'Mara,* for appellees.

Cox, J.—On November 1, 1913, appellees, who are the directors of the Greenfield Bayou Levee Association, a corporation organized under the act of March 10, 1913 (Acts 1913 p. 433, §§8233b-8233e1 Burns 1914), and others, alleged to be a majority of the owners of the lands to be protected, drained and reclaimed, and two-thirds in acres of such lands,

filed with the board of commissioners of Vigo County, as provided in §13 (§8233n Burns 1914) of that act, their petition for the appointment of appraisers to assess benefits and damages resulting from the construction of a proposed system of land protection, drainage and reclamation, composed of a levee and five drains wholly in that county. Section 13, *supra,* of the act provides that such petition shall be sufficient and require the appointment of appraisers if it contains: "First. The location and a general description of each levee, dike, breakwater, dam, sewer, ditch, drain, diversion channel, lateral, syphon, pumping station or other work proposed to be done or maintained. Second. The estimated value of the entire cost of the proposed work and the approximate value of the cost of the work in each of the several counties involved, if the work extends into more than one (1) county. Third. The names, as petitioners, of either a majority of the owners of the lands to be protected, drained, reclaimed, or improved; or of the owners of two-thirds in acres of such land." On the same day that the petition in this proceeding was filed, the board of commissioners, after, as the entry recited, hearing proof, found the petition to be sufficient, that the facts stated therein were true and that it was signed by petitioners constituting a majority of the owners of the lands to be protected, drained, reclaimed and improved by the work proposed. Thereupon the board appointed appraisers to determine the public utility of the work and to assess benefits and damages as provided by the act. On November 8, 1913, the appraisers so appointed filed their acceptance and were sworn. On November 29, 1913, appellants appeared, filed their application for an appeal from the order appointing appraisers and in support thereof an affidavit that each of them owned lands which would be protected, drained, reclaimed and improved by the work proposed; that each had an interest in the matter of the appointment of appraisers and was aggrieved by the order of the board making such appoint-

ment.    A transcript was filed in the office of the clerk of the circuit court, December 10, 1913.    On January 24, 1914, appellees filed their motion in the circuit court to dismiss the appeal and on February 19, 1914, this motion was sustained and the appeal dismissed.    From this action of the circuit court, appellants attempted to take a term time appeal and, in furtherance thereof, moved the court to fix the amount and penalty of the bond, designate the surety thereon and the time in which the bond should be filed.    This the court declined to do, whereupon appellants tendered a bond and asked that it be filed and this the court also refused.    On April 7, 1914, appellants filed in this court a transcript of the record showing the proceedings at length as above stated.    On this record they assigned as errors the action of the circuit court in dismissing their appeal from the board of commissioners and in denying their term time appeal by refusing to fix or approve a bond therefor.

Ancillary to this attempted appeal appellants have filed their petition to this court praying that it issue to the trial judge a mandate requiring him to do such things as are necessary, which are, specifically stated, to enable appellants to perfect their appeal as a term time appeal.    Actions for mandate can be begun in this court only when necessary for the exercise of its functions and powers as an appellate tribunal.    Acts 1911 p. 541, §1, §1224 Burns 1914; *State, ex rel.* v. *Biddle* (1871), 36 Ind. 138; *Walls* v. *Palmer* (1878), 64 Ind. 493.    The right of appellants to the relief thus asked at the hands of this court is primarily dependent on whether any right of appeal to this court exists from the action of the circuit court.    If the case which appellants are attempting to present here for review is not appealable, this court has no jurisdiction and cannot issue the mandate prayed for.

A further provision of §13, *supra,* is: "That if any person or persons not mentioned in said petition claim to own

land or lands which will be protected, drained, reclaimed, or improved by the proposed work, and that neither a majority of the owners of such lands nor of the owners of two-thirds of the acreage of such lands are petitioners therein, said person or persons so claiming may file with said board of commissioners an intervening petition, setting up said facts and said original petitioners may file an answer in general denial to said intervening petition, and such issue so formed shall be set for hearing and determination by said board of commissioners within ten (10) days from the filing of such answer. Any of the parties to said issue aggrieved by the action of said board thereon may appeal therefrom within five (5) days from the date of said action, and the auditor of said county is hereby given five (5) days after the date of said appeal within which to complete the transcript and file same, together with said intervening petition and answer thereto with the clerk of said court: *Provided,* The party so appealing shall be required to give bond, to be approved by the county auditor, for all costs that may be adjudged against him. The issues so formed by said intervening petition and answer thereto shall stand for hearing in the circuit court as provided for in section twenty-one (21) of this act: *Provided, further,* That in case the issues thus formed shall be determined against said intervening petitioner or petitioners, then and in that event, their said lands shall not be assessed for benefits by the appraisers in said proceedings. On proof that a majority of such land-owners in numbers, or the owners of two-thirds of such lands in acres, including any intervener found by the board or the court on appeal to be such owner, are petitioners, together with the other facts set out in the petition, it shall be the duty of said board of commissioners to appoint three (3) disinterested, resident freeholders as appraisers, no two (2) of whom shall be residents of the same county, unless there are only one (1) or two (2) counties involved. In case two (2) counties only are involved in the proposed

work, then two (2) of the appraisers shall be appointed from the county in which the petition is filed.'' Section 15 (§8233p Burns 1914) of the act contains provisions relating to the determination of the question of public utility and that any party aggrieved by the final action of the board of commissioners on that question may appeal to the circuit court by filing a petition for appeal with the auditor of the county within five days from the action of the board, and the auditor is given five days within which to file the transcript with the clerk of that court. Section 21 (§8233v Burns 1914) provides that any person or corporation having any interest in any of the lands embraced in any assessment for the work, may appeal therefrom to the circuit court at any time within ten days from the time of the filing of such assessment in the office of the recorder, as provided in §19 (§8233t Burns 1914). Section 21, *supra,* provides also that, ''the appeal shall stand for trial at any time within ten days after the filing of such assessment roll, if filed in term time; or at the beginning of the next term of court, if filed in vacation; and the same shall be tried and determined by the court within thirty days after the filing of the transcript, if in term; or within thirty days after the beginning of the next term, if in vacation. Such appeal shall be tried by the court without a jury and such determination shall be final.''

Appellants were not petitioners. They did not by the appearance and intervening petition provided for in that part of §13 above set out raise the issues therein authorized and on which the first appeal which the act provides for may be taken. Neither did they attempt to appeal from the determination of the jurisdictional fact which might have been raised and litigated by such an intervening petition, namely, that the petition contained as petitioners the names of a majority of the owners of the lands to be protected, drained, reclaimed, or improved. The board was bound to determine this juris-

dictional fact before proceeding to the appointment of appraisers whether an issue was raised on it by the intervening petition or not and this the record shows they did by hearing proof on the question. But appellants in their attempted appeal from the board merely averred generally that they were interested as landowners and aggrieved by the order appointing the appraisers. They made no pretense of bringing themselves within the only provision for appeal at this stage of the proceeding which the act of 1913 contains. That they attempted their appeal under the general provisions of §6021 Burns 1908, §5772 R. S. 1881, which authorizes appeals from boards of county commissioners, is obvious. And it is just as manifest that an appeal will not lie under that section from an order appointing appraisers in such a proceeding as this. That section, it has 4. been uniformly held, only authorizes an appeal from a decision so final in its nature that it must put an end to the proceedings before the board. *Summe* v. *Browne* (1905), 165 Ind. 490, 76 N. E. 99, and cases there cited; *Good* v. *Burk* (1906), 167 Ind. 462, 77 N. E. 1080; *Nisius* v. *Chapman* (1912), 178 Ind. 494, 99 N. E. 785, and cases there cited. And the decision or order must involve judicial action by the board and not an order made in a purely ministerial or administrative capacity. *Platter* v. *Board, etc.* (1885), 103 Ind. 360, 2 N. E. 544; *Bunnell* v. *Board, etc.* (1890), 124 Ind. 1, 24 N. E. 370; *State, ex rel.* v. *Board, etc.* (1894), 136 Ind. 207, 35 N. E. 1100; *Board, etc.* v. *Davis* (1894)', 136 Ind. 503, 36 N. E. 141, 22 L. R. A. 515; *Board, etc.* v. *Gillies* (1894), 138 Ind. 667, 38 N. E. 40; *Potts* v. *Bennett* (1895), 140 Ind. 71, 35 N. E. 518; *City of Indianapolis* v. *Hawkins* (1913), 180 Ind. 382, 103 N. E. 10.

The appointment of appraisers, a sufficient petition to invest the board with jurisdiction of the proceeding having been filed, was an executive or administrative func- 5. tion expressly laid upon the board by the law. *City of Indianapolis* v. *Hawkins, supra; City of Indian-*

*apolis* v. *State, ex rel.* (1909), 172 Ind. 472, 88 N. E. 687. The general rule in proceedings of this character is that, unless expressly granted, no appeal will lie from an interlocutory order appointing commissioners or appraisers. 1 Elliott, Roads and Sts. (3d ed.) §413. They are not, in their earlier stages at least, considered civil actions but special statutory proceedings to which the implication of a right to appeal under a general statute providing therefor does not attach. *Lafayette, etc., R. Co.* v. *Butner* (1904), 162 Ind. 460, 70 N. E. 529; *Noblesville Hydraulic Co.* v. *Evans* (1904), 163 Ind. 700. No provision of the act of 1913, *supra,* grants the right of appeal from the order appointing the appraisers and as such an appeal cannot be taken under §6021, *supra,* the circuit court of Vigo County acquired no jurisdiction to review the action of the board of commissioners in appointing the appraisers in this proceeding. The action of the board in this particular being final, neither the circuit court nor this court has authority to review it.

It is firmly settled in this State that there is no vested right of appeal, and that such right is the subject of legislative discretion to be given or withheld as the legislature sees fit. It may not only declare what questions may be tried or reviewed on appeal, to what tribunals the appeals may proceed and where they shall stop, but it may deny any appeal. *Stockton* v. *Yeoman* (1913), 179 Ind. 61, 100 N. E. 2, and cases there cited. In the act of 1913, *supra,* is seen the intent on the part of the legislature to provide an expeditious way of draining and reclaiming lands, subject to overflow, by the construction of levees and other works, the cost of which is to be assessed against the property benefited. It creates a special proceeding similar in many particulars to the proceedings to improve streets and highways by assessment. It provides specifically what parts of the proceedings may be reviewed and in what tribunal, and it further

provides that the review of the assessments, the last act of the proceeding by the circuit court shall be final. As an appeal to this court is thus denied, it is clear that there can be no appeal here from any intermediate or incidental decision which is not expressly authorized. *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510, 88 N. E. 949; *City of Indianapolis* v. *Hawkins, supra; Stockton* v. *Yeoman, supra.*

As there was no appeal from the order of the board appointing appraisers and as no appeal lies to this court in any event from the proceedings authorized by the act under consideration, appellants' petition for a mandate to the trial judge is denied and their appeal is dismissed.

NOTE.—Reported in 104 N. E. 971. As to mandamus for the allowance of an appeal, see 98 Am. St. 893. See, also, under (1) 26 Cyc. 388; (2) 14 Cyc. 1048; (4) 11 Cyc. 405; (5, 6) 2 Cyc. 517.