STATE, EX REL KENSINGER *v.* COX, JUDGE OF VIGO SUPERIOR COURT.

[No. 24,457.    Filed October 23, 1923.]

1. APPEAL.—*Review.—Final Judgment.—Statute.*—Section 671 Burns 1914 authorizes appeals only from final judgments. p. 523.

2. APPEAL.—*Time for Taking.—Statute.*—The statute (§672 Burns 1914) limits the time for taking an appeal to 180 days after the judgment is rendered, or after it becomes final by the overruling of a motion for a new trial. p. 523.

3. MANDATE.—*Jurisdiction of Supreme Court.—Statute.*—The Supreme Court has jurisdiction to issue a writ of mandate only when necessary for the exercise of its powers as an appellate tribunal, and has no authority to require a bill of exceptions to be certified or the filing of a motion for a new trial to be

*State, ex rel., v. Cox, Judge—193 Ind. 519.*

noted unless such acts are to be done in aid of an appeal which the law authorizes to be taken (§1224 Burns' Supp. 1921). p. 523.

4. NEW TRIAL.—*Motion for.—Right to Ruling on.—Record of Filing Expunged.—Bill of Exceptions.*—The right to have a ruling on a motion for a new trial duly filed cannot be taken away by the mere fact that the record of such filing was ordered expunged by the trial court, but, if necessary to the taking of an appeal which the law authorizes to be taken, the Supreme Court will issue a writ of mandate directing the trial court to make a ruling thereon, either sustaining or overruling the motion, and if the motion were overruled, the mover would then have the right to file his bill of exceptions containing the evidence at the term at which said ruling was made, if any questions relating to the evidence were presented by such motion. p. 524.

5. MANDATE.—*Jurisdiction of Supreme Court.—Petition.—Sufficiency.*—A petition to the Supreme Court asking that a writ of mandate be issued to a trial judge commanding him to correct his order-book so as to show the filing of a motion for a new trial, and also to approve and sign a bill of exceptions containing the evidence, must be dismissed when it does not show that the acts sought to be commanded are to be done in aid of an appeal which the law authorizes. p. 525.

6. MANDATE.—*Procedure in Supreme Court.—Alternative Writ Proper.—Statute.*—Writs of mandate have only been abolished in the circuit and superior courts (§1224 Burns' Supp. 1921), and it is not proper to file a "complaint for mandamus" in the Supreme Court, but an alternative writ should be framed commanding the trial court to do just what is believed to be its duty under the facts alleged, or to show cause why it does not do so, thus enabling the trial court to obey the command and end the matter, or to make a return of its reasons for not obeying. p. 525.

Original action in the Supreme Court.

Petition filed in the Supreme Court by Forest Kensinger on the relation of the State of Indiana, asking that a writ of mandate issue to compel John E. Cox, as judge of the Vigo Superior Court, to make a record showing the filing of a motion for a new trial and also to approve and sign a bill of exceptions containing the evidence that was introduced and the rulings that were

made in the trial of an election contest. *Petition dismissed.*

*Beecher & Beecher* and *John W. Beecher*, for appellant.

PER CURIAM.—Appellant filed a petition asking that a writ of mandamus be issued to appellee, as judge of the Superior Court of Vigo County, Indiana, commanding him to sign a record entry reciting that a motion for a new trial was filed as hereinafter stated, and also to sign a bill of exceptions reciting the evidence that was introduced and the rulings that were made in the trial of an election contest in which relator was the contestor. It alleged that a decision was made and judgment rendered by said court against the relator as contestor of such election on January 10, 1923; that on February 7, following, relator caused his motion for a new trial, with written reasons for the same, to be filed and brought to the attention of appellee, as judge of said court, and that while in the performance of his duties as such judge, on that day, in open court, appellee ordered and directed the clerk of said court to file the same, and it was thereupon marked by the clerk with a file mark which included the date and the signature of the clerk, and that the appellee, at the same time, entered in his "judge's entry docket", a statement that such motion for a new trial was filed; and that, contemporaneously therewith, the clerk made an entry in the order-book of the court, under the title of said cause, that the contestor had filed such motion for a new trial; it is not expressly alleged, but is implied, that said motion was thereupon placed on file with the papers of the case in said court; and it is alleged that a rule of that court was in force which provided that: "All papers and pleadings except such as require permission or an order of the court shall be filed with the clerk,

who shall make the proper minutes and entries on the court records."

The petition further alleges that a week later, but before the order-book entry referred to had been signed by the judge, on motion of the contestee in the election contest, supported by an affidavit of the deputy clerk to the effect that a special judge was on the bench trying another case when the motion for a new trial was delivered to such clerk, and that appellee, the regular judge, was not then in the courtroom, and that later in the same afternoon, when relator's attorney had gone from the courtroom, appellee came into said room, and the deputy clerk then handed the motion for a new trial to him, and the entries were made by appellee in his "judges docket" and by the deputy clerk in the order-book, by direction of appellee, and that, when the entries were made, neither relator (the contestor) nor his attorney was present; that thereupon said motion of the contestee was sustained, and appellee, sitting as the court, entered an order that all minutes pertaining to the filing of said motion for a new trial be expunged from the records, and that the motion for a new trial be struck out; that afterward, at the next term of court, relator filed a motion for an entry *nunc pro tunc* as of the date when the motion for a new trial was so presented, reciting that, in open court, the contestor, by his attorney, delivered to the clerk for filing his said motion for a new trial, that it was examined by the court and by him ordered to be filed, and, pursuant to such order, was filed; but, on motion of the contestee, such petition for a *nunc pro tunc* entry was dismissed and relator excepted; that fifteen days after the motion for a new trial was so presented and marked as being filed, and at the same term, but after the order that it and all minutes of such filing be struck out, though more than two months before the petition for

an *entry nunc pro tunc* was presented, the court granted relator 150 days in which to file a bill of exceptions, and that a bill of exceptions containing the evidence in the original action was prepared and offered for signing within the time allowed, but appellee refused to certify and sign it, and signed only a bill certifying to the facts above stated of the presentation of relator's motion for a new trial, the act of the clerk in calling the judge's attention to it, what the judge and clerk then did, and the action of the court in striking out said motion and expunging the entries concerning it.

The petition for a writ of mandamus was filed in the Supreme Court on September 26, 1923, which was 259 days after the decision is alleged to have been made and the judgment to have been rendered in the election contest, and it does not allege that a motion for a new trial had been ruled on which postponed the running of the time allowed (180 days) for taking an appeal, nor does it aver that an appeal already had been perfected, in aid of which this writ is asked.

An appeal will lie only from a final judgment. §§671, 7020 Burns 1914, §§632, 4768 R. S. 1881; *Nisius* v. *Chapman* (1912), 178 Ind. 494, 99 N. E. 785; *Home, etc., Power Co.* v. *Globe, etc., Paper Co.* (1896), 145 Ind. 174, 44 N. E. 191. It must be taken within 180 days after such judgment is rendered, or after it has become final by the overruling of a motion for a new trial. §672 Burns 1914, Acts 1913 p. 65; *New York, etc., R. Co.* v. *Doane* (1886), 105 Ind. 92, 4 N. E. 419; *Atkinson* v. *Williams* (1898), 151 Ind. 431, 51 N. E. 721. And the Supreme Court has jurisdiction to issue a writ of mandamus only when necessary for the exercise of its powers as an appellate tribunal, and has no authority to require a bill of exceptions to be certified or the filing of a motion for a new trial to be noted unless such acts

are to be done in aid of an appeal which the law author-. izes to be taken. §1224 Burns' Supp. 1921, Acts 1915 p. 207; *Collins* v. *Laybold* (1914), 182 Ind. 126, 129, 104 N. E. 971. Under the facts stated in relator's petition, if nothing more be shown, it would appear that if relator's motion for a new trial was properly filed, it has not been overruled, and under those circumstances, there would be no final judgment from which an appeal would lie; and if it was not sufficiently filed, relator has no questions saved which he could present by the use of a bill of exceptions containing the evidence given in the original action in case of an appeal, and that, without such filing, no appeal could now be taken, because the period of 180 days within which an appeal must be perfected unless suspended by the filing of a motion for a new trial, has long since expired.

If relator's petition alleged facts relied on by him as showing that he duly filed his motion for a new trial in the election contest within the time allowed, but that the trial court rejected it, and refused to rule on such motion, and that he contemplated an appeal from the judgment, and if this court were asked upon those facts to issue a writ of mandamus directing the trial court to make a ruling either sustaining or overruling that motion, to the end that an appeal might be taken if it were overruled, the question might then arise whether or not, upon the facts alleged, the motion for a new trial really was duly filed in the trial court within thirty days. If so, relator's right to have it ruled on could not be taken away by the mere fact that the record of such filing was thereafter ordered expunged. And if the motion for a new trial were overruled, the contestor would then have the right to file his bill of exceptions containing the evidence at the term when such ruling was made, if any

questions in relation to the evidence were presented by such motion. §656 Burns 1914, §626 R. S. 1881.

But unless the motion for a new trial shall be entertained and ruled on, the approval of a bill of exceptions containing the evidence would not serve any useful purpose. If relator showed himself entitled to have the motion for a new trial ruled on, preparatory to an intended appeal, this court would have authority, on a proper showing of facts, also to compel a record to be made of the filing of such motion and of the ruling made thereon. *Moore* v. *State, ex rel.* (1880), 72 Ind. 358.

But relator seems to have mistaken his remedy, and to be seeking a writ commanding the trial judge to correct his order-book and to approve a bill of exceptions, when what he wants is action on the motion for a new trial which he claims to have filed. And he has failed to allege facts showing that the acts which he would mandate the trial court to do would be in aid of an intended appeal that he could and would take under authority of the law. His failure to allege facts showing that an appeal is pending, or that a ruling on his motion for a new trial has not yet been made and is desired in order to take an appeal questioning it, or that his motion for a new trial presenting questions which depend upon the evidence in the original case was ruled on so recently that the time for appealing has not expired, and in either case showing that the relief sought is in aid of the appellate jurisdiction of this court, leaves us without jurisdiction to grant relief, however clearly it might appear that an error was committed.

A "complaint for mandamus" was presented in the apparent belief that alternative writs of mandamus no longer issue out of the Supreme Court. This was an error. No means has been pro-

vided for making up issues and holding formal trials in the Supreme Court, and it is only in the circuit and superior courts that writs of mandamus have been abolished. In this court, an alternative writ should be framed commanding the trial court to do just what is believed to be its duty under the facts alleged, or to show cause why it does not do so, thus enabling the trial court to obey the command and end the matter, or to make a return of its reasons for not obeying. §1224 Burns' Supp. 1921, Acts 1915 p. 207; *Wampler* v. *State, ex rel.* (1897), 148 Ind. 557, 560, 47 N. E. 1068, 38 L. R. A. 829.

Relator having failed to show that the writ of mandamus which he seeks is in aid of a pending appeal, or of an appeal which he could and would take if this court should grant the relief asked and the trial court should adhere to its decision, his petition is dismissed.