NEWTON *v.* LYONS ET AL.

[No. 17,960. Filed March 21, 1950. Rehearing denied April 18, 1950. Transfer denied June 23, 1950.]

*Roscoe D. Wheat* and *James W. Grimes,* both of Portland; and *James C. Jay,* of Indianapolis, for appellant.

*James P. Dunn* and *Ernest M. Dunn,* both of Winchester, for appellees.

BOWEN, J.—This is an appeal from a judgment for appellees, plaintiffs below, in an action for damages and for the abatement of an alleged nuisance consisting of an alleged obstruction of a culvert under a roadbed.

Errors assigned for reversal are; that the court erred in overruling the appellant's demurrer to the first and second paragraphs of the complaint; that the court erred in the first, second, third, and fourth conclusions of law; that the court erred in overruling appellant's motion for judgment at the conclusion of the evidence offered by appellees; and, that the court erred in overruling appellant's motion for a new trial. Grounds of the motion for a new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law, and that the assessment of the amount of recovery was too large.

Since the facts contained in the findings are substantially the same as those in the pleadings, the same questions are presented by appellant's exceptions to the lower court's conclusions of law, therefore, the first assigned error in the overruling of appellant's demurrer to the first and second paragraphs of complaint, if erroneous, is rendered harmless. *Scanlin* v. *Stewart et al.* (1894), 138 Ind. 574, 37 N. E. 401; *City of Huntington et al. v. Sonken* (1929), 89 Ind. App. 645, 165 N. E. 449; *Fry v. Hare* (1906), 166 Ind. 415, 77 N. E. 803.

From the record and the findings of the court which were supported by the evidence, it appears that the appellant owned land immediately south of the farm of the appellees and south of a county highway; that more than ten years ago a 12-inch tile drain was placed on the real estate of the appellant from a point directly south of a 24-inch culvert running under the highway, and running across the lands of appellant into an open ditch into which it emptied. That because of overflow water some 25 rods of said 12-inch tile immediately south of the highway right-of-way was washed out and said tile drain was destroyed. That appellant Fred Newton and appellee Lyons and five other land owners entered into an agreement whereby they would furnish the 12-inch tile drain and cost of labor in replacing them in said drain when the former tile had been washed out over and in the lands of appellant, and appellee Lyons paid one sixth of the costs thereof. Said tile was in no way connected with the 24-inch culvert under the roadbed of said county highway.

That the general slope and course of the natural watershed over and across the lands of appellees was from the northeast and toward the south, and that water and drainage originated on appellees' land naturally flowed off of said lands and through the 24-inch culvert under the county highway; that many years previous a 10-inch tile was placed over and across the lands of appellees, which tile extended from the northeast boundary of the lands of appellees to a point on the south side of appellees' land where said tile drain emptied into the side ditch of the north side of the county highway of Jay County, Indiana, which was controlled and repaired by the Jay County Highway Department; that between the 10-inch tile and the

24-inch culvert, a T tile twenty-four inches in diameter was connected with the 10-inch tile but did not connect with the 24-inch culvert, thereby allowing additional surface water to enter the 24-inch culvert on the north side of the roadbed. That on the south side of the highway and 24-inch culvert, an agent of the Jay County Highway delivered a 12-foot metal sewer pipe twelve inches in diameter; that appellant Newton placed this metal sewer pipe in the ditch by placing one end at the south end of the 24-inch culvert under the highway and the other end in a 14-inch tile and he connected the pipe with the 12-inch tile drain which crossed his lands; that the appellant covered the opening where the metal pipe connected with the culvert with pieces of tile and then cemented and caused the same to be closed or sealed and thereby reduced the 24-inch culvert to a diameter of twelve inches at the south outlet of said culvert in said highway right-of-way; that at times of normal heavy rains, the 24-inch culvert was not sufficient to carry off the water from the lands of appellees and the north side of the highway by reason of the obstruction and reduction of size of the outlet of such culvert, and the water was held back and carried through the 10-inch tile on appellees' land and through a 4-inch tile into appellee's basement.

The lower court held that the appellant Newton had no right to so construct the obstruction as to cause water to back upon the lands of appellees, and that such obstruction constituted a nuisance, and allowed damages of $50.00 to appellees, and ordered the abatement and removal of the so-called obstruction at the south end of the 24-inch culvert. The court found that the defendant Highway Department of Jay County, Indiana, was only the name of an agency of the County of Jay, acting by and through its Board

of Commissioners, and by its judgment, found for the Jay County Highway Department and that it have judgment for costs.

One of appellant's main contentions is that since the appellees in their complaint complain of surface-water being thrown back upon appellees' land, the case falls within the common law doctrine that surface-water is a common enemy which every proprietor may fight and get rid of the best he may, and that the owner of the property may take such measures as he deems expedient to keep surface-water off or turn it away from his premises, citing *New Jersey etc., R. Co.* v. *Tutt* (1907), 168 Ind. 205, 80 N. E. 420; *Gaskill* v. *Barnett* (1913), 52 Ind. App. 654, 101 N. E. 40.

It is true that the courts of our state have adopted the "common law" rule or "common enemy" doctrine, and that no natural easement or servitude exists in favor of the higher land owner for the drainage of surface-water, and that the proprietor of the lower land may turn surface-water back from his own lands where he commits no act inconsistent with the due exercise of dominion on his own soil. *Taylor, Admr.* v. *Fickas* (1878), 64 Ind. 167; *Cairo etc., R. Co.* v. *Stevens* (1881), 73 Ind. 278.

However, our courts have applied this rule with certain restrictions and modifications. Judge Elliott in *Weis* v. *City of Madison* (1881), 75 Ind. 241, in an exhaustive and learned opinion, discussed the distinction between surface-waters and natural watercourses, and at page 253 states:

"The complaint does not state a cause of action for obstructing a natural watercourse. There was no existing watercourse within the meaning attached to that term by courts and law-writers. A watercourse is a stream of water ordinarily flow-

ing in a certain direction, through a defined channel, with bed and banks. It is not necessary that the water should flow continually; the channel may sometimes be dry. There must, however, always be substantial indications of the existence of a stream . . . If a natural watercourse is wrongfully obstructed then there is a plain liability.

"Tested by the principles we have declared to be correct, one at least of the paragraphs of the appellant's complaint must be held good. The paragraph which we deem sufficient is the first. Although not well drawn it still shows with reasonable certainty that the municipal authorities did collect in one channel the surface-water falling upon divers streets, and flow it against, rather than through, an insufficient culvert, and thus wrongfully cast the water in one body upon the private property of the appellant. . . ."

In the Weis case, *supra,* the court in its opinion at page 248 quotes Judge Earl in *Lynch* v. *The Mayor, etc.,* 76 N. Y. 60 as follows: "Each owner may improve his lot, and protect it from surface-water. He may not collect such water into a channel, and throw it upon his neighbor's lot." Judge Elliott then added: "The cases, however, are not harmonious. There is indeed, a stubborn conflict; but the weight of authority is strongly in favor of the doctrine, that a municipal corporation has no right to collect surface-water in an artificial channel, and cast it in a body upon another's land. . . ."

In the instant case we have the owner of the lower land entering upon the public highway and reducing the size of the outlet from a 24-inch culvert on the public highway by tiling and cementing the south end of the culvert and piping it into the tile drain crossing his own land, thereby artificially causing surface-water to back upon the lands of appellees as described in the court's findings.

Considering these facts in the light of the adjudicated cases, we do not have a situation where a landowner is engaged in the due exercise of dominion over his own soil in repelling surface-water, but a situation where by his acts surface-water is collected in an artificial channel and consequently thrown back upon the higher land owner.

For the reasons given the decision of the court was sustained by sufficient evidence and was not contrary to law, nor was there error in the assessment of the amount of recovery in the negligible sum of $50.00, considered in the light of the evidence. The court also properly found that appellees had been damaged, and fixed the amount of such damage in the judgment.

Appellant has not shown how he was harmed nor has he, in fact been harmed, by the judgment in favor of the Highway Department of Jay County, Indiana. The action in the instant case is an action for the abatement of a nuisance, and in such an action it is not necessary for the plaintiff to show freedom of contributory negligence. *Niagara Oil Co.* v. *Ogle* (1912), 177 Ind. 292, 98 N. E. 60. Also, this case is not an action to mandate an individual within the meaning of *State ex rel. Kensinger* v. *Cox* (1923), 193 Ind. 519, 141 N. E. 225, but for the abatement of a nuisance and the action and judgment of the trial court was proper under the issues.

Other propositions asserted by appellant are unsupported by applicable rules of law and authorities, and are therefore waived under Rule 2-17 of the Supreme Court.

We have examined all of the contentions made by the appellant and hold that the conclusions of law followed the findings; that the court did not err in its first, second, third, and fourth conclusions of law, in overruling appellant's motion for judgment at the

conclusion of the evidence offered by appellees, and in overruling appellant's motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 90 N. E. 2d 917.